GREEN *et al., Executors,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

| 82 | 653 |
|----|-----|
| 103 | 129 |
| 82 | 653 |
| 57a | 434 |
| 82 | 653 |
| 92a | 555 |

1.  **Condemnation Proceedings**: TITLE: RAILROADS. In proceedings to condemn land for a right of way for a railroad, until the assessed damages are paid to the owner by the railroad company, the title remains in the owner.

2.  ———: ———: ———. In condemnation proceedings, where the exceptions of the land-owner to the report of the commissioners are sustained and a new hearing granted, the payment into court by the railroad company of the damages assessed, will not divest the owner of the title. Upon the allowance of his exceptions, the owner's right to the money so paid is gone, and the parties are referred to the result of a second assessment and report by commissioners and the judgment of the court thereon.

3.  **Landlord and Tenant**: LEASE: NOTICE TO QUIT: ESTOPPEL: EJECTMENT. Where a railroad company in proceedings to condemn land for a right of way pays the damages assessed to the circuit clerk for the owner, but upon allowance by the court of the latter's exceptions, voluntarily withdraws the money and enters into an agreement with the owner whereby it leased the land from the latter for a term of years, with stipulation to quit upon notice given, the relation of landlord and tenant is thereby created, and the railroad company is estopped to deny the landlord's title and right of possession. And if the stipulated notice to quit is given, the owner has a right of action to recover possession, either under the landlord and tenant act, or by ejectment.

4. ——: FORECLOSURE: SALE: RIGHTS OF PURCHASER: POSSESSION. Where the relation of landlord and tenant exists between parties, and the landlord's right of possession is taken away by foreclosure and sale under a deed of trust, the purchaser at such sale succeeds to the rights of the landlord, and on the expiration of the lease may maintain an action for possession of the premises.

·5. **Practice in Supreme Court:** EVIDENCE. Objection to the admission of evidence cannot be made for the first time in the Supreme Court.

·6. **Contract:** ESTOPPEL. A party cannot enjoy the fruits of a contract through a series of years, and then be heard to repudiate its obligations.

*Appeal from St. Louis Court of Appeals.*

.AFFIRMED.

*E. A. Andrews* and *Robert Adams* for appellant.

(1) On this record Zeitinger & Zoppi could not maintain ejectment or trespass; then how can a purchaser under a deed of trust do so for the breach of a contract made by the grantors in said deed of trust subsequent to such deed of trust, but long prior to a forfeiture thereof? *Baker v. Railroad Co.*, 57 Mo. 265; *Provolt v. Railroad Co.*, 57 Mo. 256, and 69 Mo. 633; *Hubbard v. Railroad Co.*, 63 Mo. 68; *Evans v. Railroad Co.*, 64 Mo. 453; *Kanaga v. Railroad Co.*, 76 Mo. 205. (2) Plaintiff must be presumed to have dealt with the land in controversy with full knowledge of the rights which the railroad had acquired, the act incorporating it being a public act. Acts 1849, p. 219; *Davis v. Rail road Co.*, 3 Am. and Eng. R'y Cases, 543. (3) The railroad company by constructing its road over the land in question acquired such right of entry and possession as to bind subsequent purchasers, and hence plaintiff cannot maintain ejectment. *Davis v. Railroad Co.*, 1 Sneed 94; *Verder v. Railroad Co.*, 15 Shands (S. C.) 476; *Sams v. Railroad Co.*, 15 Shands (S. C.) 484; *Trenton, etc., v. Chambers*, 9 N. J. Eq. 471; *Railroad Co. v. Baldwin*, 103 U. S. 474. (4) The action of the court in sustaining the exceptions of Zeitinger

& Zoppi to the report of the commissioners had no effect whatever upon the right of possession by the railroad. Acts 1849, p. 219, § 10 ; 101 Ill. 402. (5) The lease read in evidence conveys no interest in the land to plaintiff, for the reasons, 1st, At the time of the execution of the lease the railroad company had, by appropriate proceedings, obtained the right to construct, and had constructed, its road over the land, and D. R. Garrison, its president, had no power to limit, restrict, modify or destroy that right. 2nd, If there was any right under the lease to maintain an action of ejectment or for damages, it remains in Zeitinger & Zoppi, and did not pass under the deed of trust. *Davis v. Railroad Co.*, 3 Am. and Eng. Railway Cases 543 ; *Brown v. Co. Com. of Essex*, 12 Metc. 481 ; *Tenbrook v. Jahke*, 77 Pa. St. 392 ; *Toledo, etc., v. Hunter*, 50 Ill. 325 ; *Pomeroy v. Railroad Co.*, 25 Wis. 64 ; *Haskell v. New Bedford*, 103 Mass. 208 ; *McLendon v. Railway Co.*, 54 Ga. 293.

*R. E. Rombauer* for respondents.

Philips, C.—This is an action of ejectment instituted in the circuit court of St. Louis for the recovery of a small strip of ground, thirty feet in width across the north half of lot A in Eiler's survey of Carondelet.

This lot belonged to Zeitinger & Zoppi who were partners. In 1872 the Pacific Railroad Company, desiring to run a branch road to or through this ground in order to reach a manufacturing establishment in Carondelet, instituted proceedings to condemn this strip to its use. Commissioners were accordingly appointed to assess the damages who duly made their report to the proper authority. The company paid the amount of this assessment to the clerk of the circuit court and entered upon the work of constructing this branch or spur over the lot in question. Zeitinger & Zoppi filed their exceptions in due time to this report and on the 17th day of December, 1873, the court sustained the exceptions and set aside the report. The

railroad company thereafter withdrew the money so deposited. On the 27th day of April, 1874, the parties came to an adjustment and settlement of the whole matter, which was expressed in a written compact, then entered into between them, duly acknowledged and put to record in said county, by the terms of which the company paid to Zeitinger & Zoppi the sum of $1,025 in full satisfaction of all claims for compensation, or damages which they or either of them had, or might have, against the said company, by reason of the trespass and entry upon said land, and the construction of said road thereon; and in consideration of the premises said Zeitinger & Zoppi leased and demised said strip of land to the company for its use, etc., from that date until March, 1875, and until the expiration of notice of ninety days to quit. It is further stipulated that at the expiration of the said lease, the company should be permitted to remove said railroad from said strip, and said Zeitinger & Zoppi were to let the company, at its option, have, for the term of ten years from the expiration of said first lease, another strip of ground near this in controversy for the use of its railroad upon the terms therein specified.

It is conceded that Zeitinger & Zoppi gave the company the stipulated notice to quit and the proof showed that this notice had been repeated. In May, 1873, Zeitinger & Zoppi executed a deed of trust upon said land, in favor of one Gay, to secure the payment of money borrowed by them from said Gay. This deed of trust was foreclosed and the property sold thereunder on the 28th day of February, 1877, to one Casey, who received the proper deed therefor. On the same day Casey conveyed by deed said lot to one Withnell who since died, leaving a will by which the legal title to said property was vested in the plaintiffs, as trustees or executors. There were other facts in evidence on the trial but they are not material to the proper consideration of the questions involved in this controversy. There were no exceptions saved on this trial. The court found the issues for the plaintiffs and rendered judgment

accordingly. Defendant appealed to the court of appeals where the judgment of the circuit court was affirmed *pro forma*, and the defendant prosecutes this appeal.

I. It is insisted by the appellant that the plaintiffs acquired no greater title than Zeitinger & Zoppi had, who could not have maintained the action of ejectment against the railroad company because the company originally entered into the possession of the land as a railroad corporation, under the provisions of its charter under condemnation proceedings. We do not feel called upon in the determination of this case to decide whether or not the action of ejectment would lie in the absence of the written agreement of April, 1874. It is enough to say, that notwithstanding the action taken by the railroad company for the condemnation of this land the title in fee to the land remained in Zeitinger & Zoppi. Until the assessed damages are paid by the company to the land owner the title continues in him. *Walther v. Warner*, 25 Mo. 277; *Provolt v. C., R. I. & P. Railroad Co.*, 57 Mo. 261. The payment into court of the assessment made by the first commissioners did not have the effect to divest the title. The statute, as well as defendant's charter, gave to the land owner the right to object to this first report, and to have a new hearing upon the amount of his damages. Upon filing his exceptions and their allowance by the court his right to that money was gone and the *status* of the parties would then be referred to the result of the second assessment and report by commissioners and the judgment of the court. Until the company should pay the amount of such second assessment of damages it would acquire no right to the land paramount to that of the citizen. Otherwise the private property of the citizen could be taken for a quasi-public use without compensation to him. *Evans v. Railroad Co.*, 64 Mo. 453; *Provolt v. Railroad Co.*, 69 Mo. 633.

But whatever rights either of the parties to the condemnation proceedings acquired thereby, they saw fit, for a valuable consideration, by way of adjustment and com-

42—82

promise of the whole controversy between them, to abandon those rights and substitute a new relation. The company voluntarily withdrew from the court the money deposited by it. By withdrawing it, it abandoned any right secured thereby, and in lieu of the protection and rights, whatever they were, inhering in that proceeding, the written compact of 1874 was made the arbiter, and to that this issue must be submitted. As the land owner could not go back on that adjustment and contract to demand any other or further damages of the company for its trespass and appropriation of his land, no more can the company in this contention fall back on its charter and the condemnation proceedings instituted thereunder. By that compact the railroad company recognized the ownership of Zeitinger & Zoppi of this land and leased it from them for a specified time. This unquestionably established between them thereafter the relation of landlord and tenant, and estopped the defendant from denying its landlord's title and right of possession. The stipulated notice to quit was given and this, beyond cavil, gave them a right of action to recover the possession, either under the landlord and tenant act or by ejectment.

II. It is next contended by the learned counsel for the company, that although Zeitinger & Zoppi may have had such right of action under the lease, it remains in them and did not pass to those claiming under the deed of trust. We are cited in support of this proposition to a number of authorities. But they decide only the well recognized principle that the damages occasioned by a wrongful entry upon and injury to the freehold do not pass to the subsequent purchaser of the land. But that is not this case. The plaintiffs stand as purchasers at a foreclosure sale under the deed of trust given in 1873. As we have already demonstrated, the legal title, the fee, to this land was then in the mortgageors, Zeitinger & Zoppi. It may be conceded for the sake of this argument that the mortgagee took it *cum onere*, subject to the condemnation proceedings and

rights of the railroad company thereunder secured, whatever they were. This, at most, was, but a burden upon a conditional interest in the land. When that burden, that interest, was removed by the act of the mortgageor and the company the benefit enured to the mortgagee. Had the railroad company wholly abandoned the land and removed its road therefrom would any one pretend that the whole title to this land would not have passed to the purchaser under the deed of trust? Even an after-acquired interest or title of a mortgageor, where the mortgage contains the usual covenant of title, enures to the benefit of the mortgagee. *Hitchcock v. Fortler*, 65 Ill. 239; *Bybee v. Hageman*, 66 Ill. 519; 2 Jones on Mort., 1656.

On the expiration of the lease to whom in this instance would belong the right of action for possession, if not to the purchaser under the deed of trust? The landlord could not maintain it, for his right of possession was taken away by the foreclosure and sale. If the purchaser under the deed of trust cannot maintain it, the logic of defendant's position is that it may hold perpetually another's land without having the title or right to the title, or any compensation therefor to any one.

III. It is finally suggested in argument by appellant that the contract of 1874 was executed on the part of the company by Oliver Garrison, president of the company, and it does not appear that he had any authority from the board of directors to enter into the same. It is a sufficient answer to this to say that the agreement was read in evidence without any objection by the defendant and no such question was raised in the trial court. Had the objection been made there, the proper proof might have been made. *Clark v. Conway*, 23 Mo. 442. Aside from this, however, this compact was made in settlement of a pending controversy to which the company was a party, involving its right to occupy this land. In recognition of the agreement the company paid $1,025 and held and enjoyed the use of the property. From all which, and more, the trial court might

well have inferred a ratification by the company of the act. The company cannot enjoy the fruit of a compact through a series of years and then be heard to repudiate its obligations.

The judgments of the lower courts were for the right party and the judgment of the court of appeals is accordingly affirmed. All concur.