NEVADA AND MINDEN RAILROAD COMPANY, *Appellant,*
v. DE LISSA.

---

DIVISION TWO.

---

1.  **Railroad:** CONDEMNATION PROCEEDING : PRACTICE : NONSUIT.  A railroad will not be permitted in a condemnation proceeding to take a nonsuit against the defendant's consent, where the company has obtained possession of the land sought to be condemned for right of way, has built its road over it and is occupying it for its railroad by virtue of the condemnation proceedings.  ( 81 Mo. 126, *affirmed.* )

2.  ——— : ——— : WITNESSES' OPINION AS TO VALUE OF PROPERTY TAKEN.  Witnesses, shown to be acquainted with the value of, or damage done to, the property taken by the railroad, may, in connection with the facts as to the location of the road on the land, state their opinion as to such value or damages. ( 90 Mo. 538, *affirmed.* )

*Appeal from Dade Circuit Court.* — HON. D. P. STRATTON, Judge.

AFFIRMED.

*Thos. J. Portis* and *Henry G. Herbel* for appellant.

(1) The court erred in overruling the plaintiff's application for a nonsuit made after the commissioner's report had been set aside by consent. *Green v. Railroad,* 82 Mo. 657 ; *Railroad v. Outwater,* 3 Sand. ( S. C.) 691 ; *Provolt v. Railroad,* 69 Mo. 640 ; *Leisse v. Railroad,* 72 Mo. 562 ; s. c., 2 Mo. App. 105; *Corp. of N. Y. v. Dover St.,* 18 Johns. 507 ; R. S. 1889, secs. 2736–2738 ; *Walther v. Warner,* 25 Mo. 276 ; *Evans v. Railroad,* 64 Mo. 453 ; *Moody v. Railroad,* 14 Am. & Eng. R. R. Cases, 53 ; *Redman v. Railroad,* 1 Am. & Eng. R. R. Cases, 1 ; *Chambers v. Railroad,* 10 Am. & Eng. R. R. Cases, 376. (2) The court erred in overruling plaintiff's objections to the questions propounded to the witnesses Bates, Boulware, F. A. Jones, Crum, McFerrin, Seal, Abraham Jones, Baker, Roseworm, De Lissa, Cummins and Flach, set forth in the foregoing abstract on pages 13 to 22, inclusive. *Eyerman v. Sheehan,* 52 Mo. 223 ; *New Market v. Ins. Co.,* 30 Mo. 165 ; *Hurt v. Railroad,* 94 Mo. 261 ; *Belch v. Railroad,* 18 Mo. App. 85. (3) The court erred in giving the instructions asked by defendant. *Stoher v. Railroad,* 91 Mo. 509 ; *Dowling v. Allen,* 88 Mo. 299 ; *Wilburn v. Railroad,* 36 Mo. App. 210. (4) The verdict is grossly excessive and the court, therefore, erred in overruling plaintiff's motion for a new trial.

*Thurman & Wray* for respondent.

(1) The abstract of record in this case, so far as it involves any question as to the testimony, is not sufficient, under rule 15 of this court, and the motion to

exclude the same from consideration ought to be sustained. Rule 15, Supreme Court Rules; *Nichols v. Nichols*, 39 Mo. App. 291. (2) A railroad company, after obtaining possession of land for right of way, by virtue of the report of commissioners, and the payment, to the clerk, of the assessed damages in a condemnation proceeding under the statute, and after constructing its road over such land, cannot, against the objection of the land-owner, dismiss such proceeding. *Gray v. Railroad*, 81 Mo. 126, and authorities therein cited. (3) A railroad company may abandon its condemnation, but it is before the money is paid into the hands of the circuit clerk, and possession thereunder is taken by such company, and within ten days from the date of the report of the commissioners. R. S. 1889, sec. 2736. After report of commissioners, exceptions filed, and the same set aside, either the railroad company or the land-owner has the right to the assessment of the damages by a jury, and the land-owner's right is constitutional, as well as statutory. R. S. 1889, sec. 2738; *Railroad v. Story*, 96 Mo. 611; *Railroad v. Almeroth*, 13 Mo. App. 91. (4) In condemnation proceedings, the course of procedure is prescribed by the statute, and limited by the constitution, and the court can exercise no other powers than those expressly authorized by the statute and the constitution. *Gray v. Railroad*, 81 Mo. 126; *Railroad v. Campbell*, 62 Mo. 585; *Woods v. Boots*, 60 Mo. 546; *State ex rel. v. Woodson*, 41 Mo. 228. (5) Witnesses in condemnation suits, who are familiar with the tract of land, know how it is cut by the railroad, and have been upon it, and viewed it, after the railroad is located over it, are competent to express an opinion, as to the amount of damage sustained by the land-owner. *Railroad v. Calkins*, 90 Mo. 538; *Railroad v. Richardson*, 45 Mo. 466; *Shattuck v. Railroad*, 6 Allen, 115; *Vandine v. Burpee*, 13 Nut. (Mass.) 288; *Simmons v. Railroad*, 18 Minn. 183; *Lehmecke v. Railroad*, 19 Minn. 481; *Swan v. Middlesex*,

101 Mass. 173 ; *Railroad v. McKinley*, 64 Ill. 338. (6) The rule in assessing damages for the appropria- tion of land for right of way is clearly stated in respond- ent's first instruction, and has been approved by this court in the following cases : *Railroad v. Ridge*, 57 Mo. 599 ; *Railroad v. Waldo*, 70 Mo. 629 ; *Combs. v. Smith*, 78 Mo. 32 ; *Railroad v. Richardson*, 45 Mo. 466 ; *Lee v. Railroad*, 53 Mo. 178 ; *Newby v. Platt*, 25 Mo. 258. (7) The order of the testimony is largely in the discretion of the trial court, but the testimony of De Lissa, Flack and Boulware is clearly within the rule in relation to rebutting testimony. *Seibert v. Allen*, 61 Mo. 482 ; *Tierney v. Spiva*, 76 Mo. 279, and cases cited ; *State v. Earnest*, 70 Mo. 520. (8) When a judgment is affirmed by the supreme court, which prevents a party from collecting his judgment, rendered by the lower court, and the appeal is clearly without merit, the supreme court has the power, and ought to award dam- ages, not exceeding ten per cent. R. S., sec. 2305 ; *Haley v. Scott*, 18 Mo. 202 ; Missouri Practice [ Green & Myers ] secs. 1176, p. 446.

THOMAS, J.—This action was commenced in Barton county, Missouri, by appellant to condemn the right of way over respondent's farm, consisting of six hundred and forty acres of land, in the west part of Barton county, Missouri, near the town of Pedro, being section 35, township 33, range 33, three-fourths of a mile north of where appellant's railroad crosses the Ft. Scott & Gulf railroad. The petition is in due form, and all the preliminary steps were taken to sustain such a proceed- ing.

On the fourth day of March, 1886, three commis- sioners were appointed to assess respondent's damage, to-wit : James Gregory, Thomas Seals and Frank Jones, who after viewing the land on the seventeenth day of March, 1886, made their report in due form and time,

assessing respondent's damages at $4,500. Appellant deposited said sum of money with the clerk of the circuit court, and immediately entered upon the said land, constructed and commenced operating its railroad over it. To which report, in the time required by law, both appellant and respondent filed their exceptions; appellant and respondent, each in their exceptions, charging the commissioners with partiality and prejudice, appellant claiming the damages allowed to be excessive, and respondent claiming that they were inadequate, and he should have been allowed $10,000 instead of $4,500.

The appellant, in due form, took a change of venue on account of the prejudice of the inhabitants of Barton county, Missouri, and the case was sent to the Dade county circuit court, where the exceptions to the report of the commissioners were sustained, and the report set aside, and the damages ordered assessed by a jury. Whereupon the appellant asked leave to take a nonsuit, which, after appellant having admitted that it had obtained possession of the land, sought to be condemned for right of way, and its said road over it, and was then using and occupying it for its railroad, by virtue of the condemnation proceedings, the court refused to allow appellant to do. The case was then submitted to a jury, which assessed the damages at $5,000.

I. The action of the court in refusing to permit appellant to take a nonsuit is assigned for error. This point is ruled against appellant on the authority of *Gray v. Railroad*, 81 Mo. 126. That case involving this identical question was well considered, and the result reached received the unanimous concurrence of all the judges and the commissioners, and we now give our full assent to the doctrine of that case as being sound in principle and supported by authority. Nor do we regard the case of *Green v. Railroad*, 82 Mo. 653, as in conflict with it, either in letter or spirit. Under the

circumstances of this case appellant could not take a non-suit without respondent's consent, and this not having been given, the court did not err in refusing to permit it.

II.    As to appellant's objection to certain questions propounded to many of the witnesses, we will quote from the opinion of Judge RAY in the case of *Railroad v. Calkins*, 90 Mo. 538, as precisely in point, both as to the fact and the law of the case at bar : "A further exception to the ruling of the trial court, urged for the reversal, is that witnesses were permitted to express their opinion as to the amount of damages caused by the appropriation of the land for the railroad, including the value of the portion taken and damage done to the rest of the tract.    The witnesses so testifying were shown to be competent and acquainted with the premises, location and surroundings, and in the course of their evidence they state the facts as to how the railroad ran through the farm in question, how the same was divided, and the shape in which the parcels were left, the character and quality of the land, and whether improved or not. Upon the question of value of property, real or personal, and as to the amount of damages done to the property in controversy, parties shown by the evidence to be acquainted with the value or damage may, in connection with the facts, state their opinion as to the value or damages." See also cases cited by Judge RAY, page 543. Upon the authority of this case we rule this point against appellant.

No error appearing in the instructions the judgment is affirmed.    All concur.