# F. W. KNAPHEIDE, Appellant, v. JACKSON COUNTY.

### Division One, December 23, 1908.

1. **CONDEMNATION: Opinion Evidence: Amount of Damage.** Witnesses well acquainted with the land to be taken for a public road and the lands in the vicinity are competent to give their opinion as to whether the farm from which the road is taken has been damaged or benefited by the establishment of the public use, and if either how much. Although the rule making competent their testimony allows them to answer the very question the jury is to answer by its verdict, it is a rule of such practical common sense and is so helpful in the administration of justice in proceedings where the right of eminent domain is exercised that courts have been constrained to adopt it.

2. —————: **Instructions: Peculiar Benefit.** It is not error to instruct the jury that in considering the landowner's damages caused by the establishment of the public road they will consider the damages and benefits peculiar to his property and not those common to all property in the vicinity.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*L. T. Dryden* for appellant.

(1) It was error to permit defendant's witnesses to give their opinion as to whether appellant Knapheide was damaged or benefited and the amount of damages or benefits. This was a question for the jury. Gregory v. Chambers, 78 Mo. 294; Hurt v. Railroad, 94 Mo. 255; Railroad v. Stock Yards Co., 120 Mo. 541; Wiggins v. Railroad, 119 Mo. App. 492. (2) In the trial defendant sought to justify this character of testimony upon the ground that appellant had offered testimony of that character. The record does not justify this statement of fact, but if appellant had asked

questions of this character and they had been answered without objection, that would not justify the admission of similar evidence on the part of the defendant when properly objected to by appellant. McFadin v. Catron, 120 Mo. 252; Charles v. Railroad, 58 Mo. 458; Redman v. Piersol, 39 Mo. App. 173. (3) The court erred in refusing to give instruction 2 at the instance of appellant. Newby v. Platte Co., 25 Mo. 258; Road Co. v. Pickett, 25 Mo. 535; Railroad v. Crystal, 25 Mo. 544; Railroad v. Richardson, 45 Mo. 466; Lee v. Railroad, 53 Mo. 178; Railroad v. Ridge, 57 Mo. 600; Hosher v. Railroad, 60 Mo. 303; Railroad v. Waldo, 70 Mo. 629; Kansas City v. Morton, 117 Mo. 446; Hickman v. Kansas City, 120 Mo. 110.

*Charles W. German* and *W. S. Flournoy* for respondent.

(1) No error was committed in allowing defendant's witnesses to give their opinions as to the value of appellant's land or as to the amount of benefits or damages to him on account of the opening of the road in question. In the first place, the objections of appellant are not sufficient upon which to base an assignment of error on this ground. A reference to the objections as they appear in appellant's abstract of the record will disclose the fact that the objections are too general to avail appellant. In the second place, the parties testifying are shown by the evidence to have been familiar with the value of appellant's land, and the benefit or damage to it, and hence the questions were proper. Thomas v. Mallinckrodt, 43 Mo. 58; Tate v. Railroad, 64 Mo. 153; Railroad v. Calkins, 90 Mo. 541; Railroad v. DeLissa, 103 Mo. 125; Railroad v. Stock Yards, 120 Mo. 541; Railroad v. Norcross, 137 Mo. 415; Railroad v. Brick Co., 198 Mo. 698; 3 Wigmore on Evidence, secs. 1940-1944. (2) No error was committed either in refusing to give instruction 2 as asked by appellant, or in modifying the same as

given by the court. We do not understand upon what theory appellant is complaining of the action of the court under these circumstances. His argument does not enlighten us because he makes no argument on that proposition.

VALLIANT, P. J.—This appeal is from a judgment of the circuit court of Jackson county in a proceeding that originated in the county court, the purpose of which was to open a public road.

A part of appellant's land was taken for the road, but the commissioners assessed no damages in his favor; exceptions were filed by appellant, and a trial by jury in the county court resulted in a verdict of no damages; on appeal to the circuit court and trial there by jury the verdict was also no damages. Then the appeal was taken to this court.

Appellant makes only two assignments of error, the admission of certain testimony, and the refusal to give an instruction as asked but giving it modified by the court. The sole questions tried were, what was the value of appellant's land that was taken, was the rest of his land damaged or benefited by the establishment of the road, and the extent of the damage or benefit?

Appellant owns about 278 acres; the road runs along one side of it, taking one and three-hundredths acres. There were a good many witnesses called and the testimony is full on all the questions. Their testimony included a description of the land of appellant, its topography, shape and character, and of the land adjoining and the location of the proposed road, and its utility in view of an old road that already existed. All the rest was opinion evidence as to the value of the land, cost of fencing, whether the proposed road would damage or benefit the land of appellant. Appellant himself testified that his land was worth $100 an acre and to cut off a strip for the road was worth

$125 an acre, that the road was no benefit to his property whatever, that in his opinion he was damaged $250, which sum he made up by estimating the land taken at $125 and the building and maintaining fences at $125. The witnesses on his side were of the opinion that his land was worth $90 to $100 an acre, and it would cost $60 to $75 to build the fences, and that the proposed road would be a damage and no benefit to his land. Respondent's witnesses gave their opinions that the land of appellant was worth $80 to $85 an acre, and the fence would cost $40 to $50, and that the proposed road would be a peculiar benefit to appellant's land, amounting to more than the value of the land taken and the cost of the fence. All the opinion witnesses on both sides were well acquainted with appellant's land and the vicinity and were competent to testify.

At the request of the appellant the court gave the jury the following instruction:

"1. The court instructs the jury that you should not deduct from the damages, if you believe any has been shown resulting to the Exceptor, F. W. Knapheide, by reason of the establishment and opening of the proposed road, any benefits, if any, except such as are peculiar to said Exceptor's tract, that is to say, benefits peculiar to the tract itself, and not shared in common by it and other lands in the same neighborhood, and you should not take into consideration any benefits, if any, which might result to the Exceptor, F. W. Knapheide, by reason of the establishment and opening of the proposed road, that is shared in common by other persons along the proposed route, but only special advantages resulting to said Exceptor."

And appellant asked the following instruction:

"2. The court instructs the jury that private property cannot be taken or damaged for the public use without just compensation to the owner; and if you find from the evidence that the property of F. W.

Knapheide has been taken for a public road, and further find that he has not been compensated for the same, and that the benefits peculiar to his property alone, if any, will not exceed the damages, then your verdict shall be for said Knapheide for such a sum as will compensate him for the damages sustained not exceeding in all the sum of two hundred and fifty dollars."

The court refused the instruction in that form but added after the words "and that the benefits peculiar to his property alone, if any," the words "as defined in instruction 1," and gave it as so modified.

Appellant now claims that it was wrong to receive over his objection the opinion evidence of respondent's witnesses and wrong to have modified the instruction. There was no specific objection that respondent's witnesses were not shown to be sufficiently acquainted with the situation to entitle them to express an opinion, and if there had been such objection it would have been overruled, because they were all shown to be competent in that respect. In fact it hardly appears on what ground the objection was made, it was general in its character. Besides the evidence was exactly of the same character that appellant had used in his effort to establish his right to damages.

But the testimony was entirely competent, it was in line with previous rulings of this court. [Tate v. Railroad, 64 Mo. 149; Railroad v. Calkins, 90 Mo. 541; Railroad v. DeLissa, 103 Mo. 125; Railroad v. Brick Co., 198 Mo. 698.] The rule of evidence which allows a qualified witness to give his opinion as to whether property has been damaged or benefited and if either how much, has sometimes been questioned on the ground that it allows the witness to answer the very question the jury is to answer by its verdict. But it is a rule of such practical common sense and is so helpful in the administration of justice in proceedings where the right of eminent domain is exercised that

courts have been constrained to adopt it. On this point see 3 Wigmore on Evidence, section 1921 and section 1942, where the subject is at length and learnedly discussed.

As to the modification of the instruction, counsel for appellant have not in their brief pointed out what there is in it that is objectionable and we have not been able to discover on what ground the assignment of error is founded.

We find no error in the record. The judgment is affirmed.

All concur.