———o———

JOHN HOSHER Respondent, *vs.* KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, Appellant.

1. *Eminent Domain—Benefits deducted from assessment of damages for land taken for railroads—Rule as to—Testimony touching.*—In the assessment of damages for land taken for railroad purposes the benefit which is to be deducted from the damages which the owner sustains is the direct and peculiar benefit resulting to the land in particular, and not the general benefit accruing to it in common with other land which is enhanced in value by the building of the road. (St. Louis & St. Jo. R. R. Co. vs. Richardson, 45 Mo., 466.) And the land should be assessed at its value when taken. But witnesses may testify as to its value before and after the taking, as tending to shed light on that point.

*Appeal from Nodaway Circuit Court.*

*Willard P. Hall,* for Appellant.

*William Heren*, for Respondent, cited St. Louis & St. Joseph R. R. Co. vs. Richardson, (45 Mo., 466 ;) Newby vs, Platte Co., (25 Mo., 258 ;) Pac. R. R. Co. vs. Chrystal (35 Mo., 544).

WAGNER, Judge, delivered the opinion of the court.

No error is perceived in the record which would justify a reversal in this cause and it must be affirmed.

The action was for damages which the plaintiff sustained in consequence of the company appropriating a quantity of his land in the construction and building of its road. All the instructions asked for on both sides were given, and they stated the law in accordance with the repeated rule that has been announced by this court, namely, that in the assessment of damages for property taken for railroad purposes, the benefit which is to be deducted from the damages the owner sustains, is the direct and peculiar benefit resulting to the land in particular, and not the general benefit accruing to it in common with other land which is enhanced in value by the building of the road. The instructions of the defendant confined the assessment to the value at the time the land was taken, and that was entirely proper.

The objection that the testimony given by the witnesses for the plaintiff was not admissible because it stated their opinions, is not maintainable. The evidence was not simply an opinion as to the damages sustained by reason of the appropriation. It was founded on facts. The witnesses stated the value of the land before the same was taken and the road constructed, and the value afterwards, and the jury were permitted to draw their conclusions thereon. We see nothing wrong about this. No error appearing, the judgment will be affirmed ; the other jugdes concur.