Eliza C. Belch, Executrix and Respondent, v. The Missouri Pacific Railway Company, Appellant.

Kansas City Court of Appeals, May 25, 1885.

1. Witnesses—Confining Testimony to Facts, Including Values.—The general rule, and the safer one, of confining the testimony of witnesses to facts, including values, and leaving it to the jury to find the measure of damages from all the facts proved—is the proper rule. *R. R. Co. v. Beebe*, 14 Neb. 472; *City of Parsons v. Lindsay*, 26 Kan. 430; *Farrand v. R. R.*, 21 Wis. 441; and it is error to permit witnesses to give in evidence their *opinion* as to the amount of damage done in a particular case—they should state facts.

APPEAL from Cole Circuit Court, HON. E. L. ED-
WARDS, J.

*Reversed and remanded.*

Statement of case by the court.

This case was originally instituted by J. Ed. Belch
against defendant. The petition, omitting the formal
parts, is as follows: Plaintiff states that at the time
hereinafter stated he was and still is the owner and in
possession of a certain tract or parcel of land situated in
Osage county, state aforesaid, known as New Madrid
Survey No. 2639; that on or about the 15th day of
August, 1881, the defendant was running its engine and
cars through said lands and by its agents, servants, and
employes then and there so negligently and carelessly
ran and managed and operated its said engine, that fire
and sparks were emitted from its said engine and com-
municated the fire to the plaintiff's meadow on said
premises, being adjacent to defendant's railroad track;
that said fire, by reason of such carelessness and negli-
gence of defendant's agents and employes, and by reason
of the negligence of defendant's agents and employes in
cutting down grass, weeds, and bushes, and permitting
the same to dry and accumulate along the sides of the
said railroad track, and adjoining said premises of
plaintiff, being so communicated, burned over eight
acres of meadow well set in timothy, thereby destroying
the same, and to the great damage of the plaintiff,
to-wit, in the sum of $160.00. Whereupon the plaintiff
prays judgment against the defendant for the sum of
$160, his damages, together with his costs and interest.
The answer was a general denial, and averred a full and
complete settlement with the plaintiff for all the damages
sustained by him and herein sued for, a payment of said
amount to him, and the execution and delivery by him
of a receipt in full.

The replication denied that the matters sued for
were settled, and alleged that plaintiff had another claim

and demand against the defendant for fencing and rails burned, and that this was the matter settled.

Upon the trial, against defendant's objections, the plaintiff was permitted to ask his witness, Daniel Capps, the following question:

"What was the damage done by that fire, in your opinion, to Mr. Belch's meadow?"

To which question the witness answered: "I should think at least three hundred dollars."

For the plaintiff, William Boone testified that he cut the hay on this meadow last year.

Question.—What sort of a crop did Mr. Belch get from this meadow last year?

Objected to as incompetent and irrelevant, which objections being overruled, the defendant excepted.

Answer.—A very fair crop. Part of it went a ton and a half and a part of it two tons to the acre.

Q.—What would you consider the damage done to Mr. Belch by that fire?

Objected to because incompetent, irrelevant and not a matter of opinion, which objections being overruled, the defendant duly excepted.

A.—The damage will have to be on this year's crop. It could not be on last year's crop as that was not burned. It would be loss of the coming crop and the cost of putting it in.

Q.—What is your estimate of that damage?

Objected to for the same reasons as last above stated, which objections being overruled, the defendant duly excepted.

A.—If it were mine, I would consider it two hundred dollars.

Judgment was rendered in favor of plaintiff. From that judgment the defendant appealed to the supreme court. After the appeal the plaintiff died, and in the supreme court the cause was revived in the name of the plaintiff's executrix. The case is in this court by transfer from the supreme court, in accordance with the provisions of the constitutional amendment creating this court.

SMITH & KRAUTHOFF, for the appellant.

I. The court erred in permitting plaintiff's witnesses to state what, *in their opinion*, was the amount of damages sustained by him. A witness cannot be permitted to express an opinion which depends upon *uncertain facts* which may or may not transpire, and which cannot be foreseen as the result of any experience, nor stated as a deduction of science or law. Here the estimate of one witness included what he supposed a good crop of hay, well cut and stacked, would be worth, if sold at a good price, and this too when he was testifying before the time the crop could, in the nature of things, have matured, or, of course, cut, stacked or sold. And the other witnesses included three such crops. *Dana v. Fiedler*, 12 N. Y. 40; *Norman v. Wills*, 17 Wend. 136. Nor can a witness give his opinion of the amount of damages a party sustains from a given act or omission because when he does so he *includes the law as well as the fact*. It is the province of the jury to assess the damages according to the rule of law, which it is the province of the court to lay down for their guidance; and witnesses are allowed only to furnish the *data* from which the amount is arrived at. *Giles v. O'Toole*, 4 Barb. 261; *Van Deusen v. Young*, 29 N. Y. 9; *Green v. Plank*, 48 N. Y. 669; *Rodgers v. Fletcher*, 13 Abb. Pr. 299; *Thompson v. Dickhart*, 66 Barb. 604; *Gilbert v. Cherry*, 57 Georgia 128. The witnesses were not asked the *value* of the meadow as it stood. Upon this their opinion might have been admissible, but the inquiry was as to the *damages* done to plaintiff.

II. This case was not based upon the theory of a *negligent* escape of fire. No right of action is based upon the fact that fire dropped from the engine of defendant, but the negligence alleged is the permitting of dry grass and weeds to accumulate on the right of way. It must have been shown that the grass and weeds were not only permitted but *negligently* permitted to accumulate, and as there was no proof of this, an instruction based upon this assumption given for plaintiff was erroneous. *Railroad Co. v. Mills*, 42 Ills. 407; *R. R.*

*v. Shanepelt*, 47 Ills. 497.   It has been held in this state, in *such a case as this*, that it is competent for defendant to show that plaintiff had suffered a *similar accumulation* and without it he would have suffered no injury. *Fitch v. R. R.*, 45 Mo. 322 ; *Smith v. R. R.*, 37 Mo. 287 ; *Coates v. R. R.*, 61 Mo. 38.

III.  The instructions given by the court on all the points in issue were so contradictory and so inconsistent with each other that it was impossible for the jury to be guided intelligently by them, and the anomalous verdict is the evidence of their confusion and bewilderment. The judgment *should be reversed.*

EDWIN SILVER and EDWARDS & DAVISON, for the respondent.

I.  The testimony of the witnesses, Capps and Boone, as to the extent of the damage done to the meadow was competent.  The opinions of the witnesses were properly admissible in evidence.  *Tate v. R. R.*, 64 Mo. 153.

II.  There was no lack of evidence that defendant *negligently* permitted the grass and weeds to accumulate. Capps testified directly to it.  The mere fact of cutting them and permitting them to remain on the right of way was negligence.  The instruction given for plaintiff, numbered one, was proper and rightly declared the law. *Fitch v. R. R.*, 45 Mo. 322 ; *Kinney v. R. R.*, 70 Mo. 252 ; *Kellogg v. R. R.*, 25 Wis. 223 ; *Webb v. R. R.*, 49 N. Y. 420 ; Wharton on Negligence, sects. 440, 447–8.

III.  All the instructions in a cause must be taken together, and those given for plaintiff and defendant together, placed the grounds of recovery properly before the jury.  It is well established that a judgment will not be reversed because one of the instructions is technically erroneous, if the instructions given all taken together fairly present the law on both sides of the case to the jury, and present the whole case in a manner that is not calculated to mislead.  *Henchen v. O' Bannon*, 56 Mo. 291 ; *Bradford v. Floyd*, Sup. Ct. Mo., not yet reported.

IV.  Defendant's refused instructions were rightly

refused. *Kenney v. R. R.*, 70 Mo. 252 ; *Poeppers v. R. R.*, 67 Mo. 715.

Opinion by HALL, J.

The defendant complains, and we think properly, of the trial court permitting the plaintiff's witnesses to state what in their opinion was the amount of damages sustained by him. "The general rule, and which I regard as the safer one, of confining the testimony of witnesses to facts, including values, and leaving it to the jury to find the measure of damages from all the facts proved," is the proper rule. *R. R. Co. v. Beebe*, 14 Neb. 472 ; *City of Parsons v. Lindsay*, 26 Kan. 430 ; *R. R. Co. v. Ball*, 5 Ohio St. 571 ; *Farrand v. R. R. Co.*, 21 Wis. 441 ; *Dunham v. Simmons*, 3 Hill 610 ; *Paige v. Hazard*, 5 Hill 604 ; *Morehouse v. Mathews*, 2 Comstock 515 ; *R. R. Co. v. Campbell*, 4 Ohio St. 585.

"The amount should have been left exclusively to the jury to find from descriptions given by the witnesses of the crops, their values, and the particular injuries done to them." *R. R. Co. v. Schlunt*, 14 Neb. 424.

We think that the rule, as laid down in the above cited authorities, is correct ; and that the circuit court erred in permitting plaintiff's witnesses to give in evidence their opinions as to the amount of damages done to the plaintiff's meadow.

As this case is to be retried, it may be well to say that the true measure of damages as to the meadow injured is the difference between the value of the meadow before the fire and its value after the fire. If the meadow was utterly destroyed by the fire the measure of damages would be its value *at the time of the fire.* *Atkinson v. R. R. Co.*, 63 Mo. 367.

The judgment of the circuit court is reversed and the cause remanded. All concur.