SPENCER *et al.* v. METROPOLITAN STREET RAILWAY
COMPANY, *Appellant.*

Division Two, February 13, 1894.

1. **Evidence**: DAMAGES: OPINION OF WITNESS. A witness should
ordinarily not be permitted to give his opinion as to the amount of
damages suffered by one claiming compensation therefor.

2. **Constitution**: TAKING PROPERTY FOR PUBLIC USE: ABUTTING OWNER.
The construction of a viaduct in a street by a railway company which
interferes with the use of the street by the abutting lot owner is a
taking of private property for public use within the meaning of the
constitution, article 2, section 21, which provides "that private prop-
erty shall not be taken or damaged for public use without just com-
pensation."

3. ———: ———: ———: DAMAGES. The jury in estimating plaintiff's
benefits in such case should consider such peculiar and direct bene-
fits or increase of value as result to the lots in controversy in which
other lots in the same locality do not participate.

4. ———: ———: ———: ———. The right of an owner to the use
of a street adjoining his lots is as much property as the lots them-
selves.

*Appeal from Jackson Circuit Court.* — HON. J. H.
SLOVER, Judge.

AFFIRMED.

*Pratt, Ferry & Hagerman* for appellant.

(1) The court erred in overruling defendant's
motion to quash the panel of jurors because there had
been no jury commissioner appointed as required by
laws of 1879, pp. 28 *et seq.*; 2 R. S. 1879, pp. 1519
*et seq*. This act applies to Kansas City. *State ex rel.
v. Hope*, 88 Mo. 430, and sec. 28 of. said act. The act
can not be said to be unconstitutional because all the
jurors must be taken from the city. *State v. Trimble*,

2 G. Gr. (Iowa) 404; *Colt v. Coes*, 12 Conn. 243. It was proper practice at common law to take the jury from a specified part of the country. (2) The court erroneously permitted witnesses to make answers to questions, "how was plaintiff damaged?" and "what caused such damage?" *First.* It is reversible error to permit the question to be asked calling for the opinion of the witness as to the amount of the damage. *Belch v. Railroad*, 18 Mo. App. 80; *White v. Stoner*, 18 Mo. App. 540; *Hurt v. Railroad*, 94 Mo. 255, 261. *Second.* It is equally erroneous to permit a witness to answer as to what caused the damage or whether the property is benefited. *Muff v. Railroad*, 22 Mo. App. 584; *Dalzell v. Davenport*, 12 Iowa, 437; *Church v. Milwaukee*, 31 Wis. 512. (3) The court erred in refusing each of the instructions 5, 8½ and 9, asked by defendant and in giving instruction 5 on its own behalf. *First.* The true measure of damages was the difference in the market value. *Taylor v. Cable Co.*, 38 Mo. App. 668; *Chouteau v. St. Louis*, 8 Mo. App. 48; *Montgomery v. Townsend*, 80 Ala. 489; *Chicago v. Taylor*, 125 U. S. 161, and cases cited in next subdivision. *Second.* If the true measure of damages be the difference in the market value, benefits, whether general or special, must be considered. *Taylor v. Cable Co.*, 38 Mo. App. 668; *Atlanta v. Green*, 67 Ga. 386; *Moore v. Atlanta*, 70 Ga. 611; *Meyer v. Burlington*, 52 Iowa, 560; *Coal Co. v. Chicago*, 26 Fed. Rep. 415; *Chattanooga v. Geiler*, 13 Lea (Tenn.), 611; *Church v. Milwaukee*, 31 Wis. 512; *Stowell v. Milwaukee*, 31 Wis. 523; *Tyson v. Milwaukee*, 50 Wis. 78; *In re Railroad*, 8 N. Y. Sup. 78; *In re Railroad, Id.*, 813. *Third.* There is no analogy between a case for diminution in value of property not taken and the attempt to pay in benefits compensation for property taken. See cases last cited. *Fourth.* This action is in reality for a change of grade

or for the constitutional damage. *Dyer v. St. Louis*, 11 Mo. App. 590; *Stockford v. St. Louis*, 7 Mo. App. 217; s. c., 75 Mo. 309; *Chouteau v. St. Louis*, 8 Mo. App. 48. Without a statute or a constitutional provision there can be no recovery. *Swenson v. Lexington*, 69 Mo. 157; *Slatten v. Railroad*, 29 Iowa, 148. Therefore the principles herein invoked have full application. (4) For the reasons given in the last division of this brief, the court erred in permitting witnesses to be asked as to general benefits. (5) As given, there was no proper definition of peculiar, as distinguished from general, benefits, if such a distinction can be made in this kind of a case, and instruction 5 is erroneous. There are peculiar benefits which are common to others in like situation. (6) Instruction 8½ given by the court was conflicting and unintelligible within the doctrine of *Wood v. Steamboat*, 19 Mo. 529. (7) Instruction 9 was erroneously refused. *Railroad v. Doughty*, 22 N. J. Law, 495, 503.

*K. M. DeWeese* and *R. O. Boggess* for respondents.

(1) The respondents' instruction is right. They had a property interest in the adjacent street; that property could not be taken, or the adjacent property damaged without just compensation. Section 21, article 2, constitution 1875, provides that private property shall neither be taken nor damaged without just compensation. In *Lackland v. Railroad*, 31 Mo. 181, at page 187, near the foot thereof, it is held: "The right of the owner of a lot in a town to the use of the adjoining street is as much property as the lot itself." *Williams v. Co.*, 21 Mo. 580; *Co. v. Renfro*, 58 Mo. 265; *Tate v. Railroad*, 64 Mo. 149; *Stanley v. City*, 19 L. R. A. 11; *Denver v. Boyer*, 23 L. R. A. 440; *Householder v. Kansas City*, 83 Mo. 488, and the Illinois cases therein cited; *Sheehy v. Cable Co.*, 94 Mo. 574;

*Chicago v. Taylor*, 125 U. S. 161, and citations. (2) The court might, rightfully, properly and ought to, have refused all the instructions asked by defendant, on account of their number, and for no other reason, whether right or wrong. *Crews v. Railroad*, 19 Mo. App. 302; *Gelvin v. Railroad*, 21 Mo. App. 273; *Crawshaw v. Sumner*, 56 Mo. 517; *Renshaw v. Ins. Co.*, 33 Mo. App. 394, 400; *Desberger v. Harrington*, 28 Mo. App. 632, 636. (3) Instructions not based on the issues made by the pleadings are properly refused. *Kennedy v. Kline*, 19 Mo. App. 15; *Henry v. Bassett*, 75 Mo. 89; *Beauchamp v. Higgins*, 20 Mo. App. 514; *Sheedy v. Streeter*, 70 Mo. 679. (4) The City of Kansas had no power to destroy the street contiguous to plaintiffs' property, and could not confer such authority on the defendant. *Glasgow v. City*, 87 Mo. 678; *Building Ass'n v. Tel. Co.*, 88 Mo. 258; *Dubach v. Railroad*, 89 Mo. 483; *Cummings v. City*, 90 Mo. 259; *Householder v. City*, 83 Mo. 488; *Sheehy v. Railroad*, 94 Mo. 574; *Werth v. City*, 78 Mo. 107; *Cross v. Railroad*, 77 Mo. 318. (5) The city could not confer on the defendant, by any means whatever, any higher power or greater authority than it possessed, hence the defendant took whatever right it did take subject to legal liability for any damages by reason of the obstruction or destruction of the street. (6) The learned attorneys for the appellants complain that witnesses for plaintiff were allowed to express their opinions; yet as shown in our statement defendant had its witnesses express their opinion *ad libitum*, and with but little regard to the capacity of the witnesses (outside of their ability to swear), and yet the law of this state justifies such opinions—such evidence. *Tate v. Railroad*, 64 Mo. 149; *Thomas v. Mellenkrodt*, 43 Mo. 58; *Railroad v. Calkins*, 90 Mo. 538; *Hosher v. Railroad*, 60 Mo. 303; Lewis on Eminent Domain, sec. 436, p. 554; *Railroad v. Budlong*, 10 Howard, 288–293.

(7) As to objection to the evidence of Spellman, it will be observed that the condition of things involved in the case had already been testified to, so that he might well be permitted to give his opinion without himself testifying as to the facts. *Railroad v. Paul*, 28 Kan. 816.

Burgess, J.—This was an action for damages to an abutting lot owner alleged to have been caused by building the Twelfth street viaduct and cable railway line. There was a trial by jury and a verdict in favor of plaintiffs for $800. After unsuccessful motion for new trial, the case was appealed to the Kansas City court of appeals, and from that court certified to this court upon the ground that a constitutional question is involved.

Catherine Spencer was the owner of lots 5 and 6 in block 57, Turner & Company's addition to Kansas City. The lots were in what were known as short blocks, being bounded on the north by Eleventh street and on the south by Twelfth street. The lots are each twenty-four feet in width and thirty-five feet in depth. The defendant was authorized by the city to build a viaduct and lay its street car line along Twelfth street. This viaduct was the approach to the Twelfth street incline by which the cable line runs from the low ground in the bottom to the bluff. The contention of plaintiffs is that this structure was a change of grade within the meaning of article 2, section 21, constitution of 1875, which provides that private property shall not be taken or damaged for public use without just compensation.

The claim of plaintiffs is that in the construction of that part of the Twelfth street cable railway, that part of said street on which plaintiff's property abuts southward was totally destroyed so that it could not be used by plaintiff in connection with said lots.

Some of the witnesses testified as to the value of the lots before the construction of the viaduct; and also afterwards. And some of them who were introduced on the part of plaintiffs testified, over the objections and exceptions of defendant, as to the amount of damages plaintiffs sustained—how they were damaged, and what caused such damage.

To allow a witness to give his opinion as to the amount of damages sustained in any given case is as a general rule usurping the province of the jury, and determining for them a question of which they are peculiarly the judges, and for which purpose they are selected in all cases sounding in damages and where there is a trial by jury. This is the rule announced by this court in the cases of *Hurt v. Railroad*, 94 Mo. 255; *Belch v. Railroad*, 18 Mo. App. 80; *White v. Stoner*, 18 Mo. App. 540. And especially is this true when the inquiry is in reference to future damages. *Hurt v. Railroad*, *supra*, and authorities cited. In the cases of *Railroad v. Calkins*, 90 Mo. 538, and *Railroad v. De Lissa*, 103 Mo. 125, witnesses were allowed to give their opinions as to values, after having stated their knowledge of the property, and it was held not to be error. The better rule seems to be that they should only state facts and leave entirely to the jury the question of damages.

This, however, was not reversible error in this case, as the measure of damages was fixed by instruction number 4 given on behalf of defendant, which states the damages to be the difference in the value of the lots before the construction of the viaduct and immediately afterwards. The same may be said with reference to the evidence of the witnesses as to what caused the damage, or whether or not the property was benefited. It is not reversible error under the facts in this case.

This is not a proceeding to condemn private property for public use by the exercise of the power of the right of eminent domain, but is simply an action *ex delicto*, and is not like the laying of a railroad track on the surface of a street, thereby imposing an additional servitude, or making a new and improved public use thereof—it amounts to a total destruction of the street. The street having been dedicated to public use for ordinary purposes, could not be lawfully appropriated to another distinct and inconsistent public use. *Belcher Sugar Refining Co. v. St. Louis Grain Elevator Co.*, 82 Mo. 121, and authorities cited.

While contrary opinions have been maintained with great ability in courts of other states, and by elementary writers of much distinction, the rule in this state is well established, that in cases of this kind, in estimating benefits, the jury should be restricted in estimating such benefits, to such peculiar and direct benefits or increase of value as result to the lots in controversy in which other lots in the same locality do not participate. The advantages to be considered by the jury are such as particularly affect the lots of plaintiffs, and are not advantages of a general nature, which the plaintiffs in common with their neighbors, whose lots are not damaged, derive from the construction of the viaduct. *Lee v. Railroad*, 53 Mo. 178; *Hosher v. Railroad*, 60 Mo. 303; *Combs v. Smith*, 78 Mo. 32; *Railroad v. McGrew*, 104 Mo. 282, and authorities cited.

The right of the plaintiffs to the use of the street adjoining their lots is as much property as the lots themselves. *Lackland v. Railroad*, 31 Mo. 180; *Householder v. City of Kansas*, 83 Mo. 488; *Sheehy v. Railroad*, 94 Mo. 574; *Chicago v. Taylor*, 125 U. S. 165; *Tate v. Railroad*, 64 Mo. 149.

We are unable to see even a plausible reason for complaint by defendant of the instructions of the court

in this case, as the only instructions given as to the measure of damages were given at its request, and by the court of its own motion, which were in harmony with each other, and with the views herein expressed. There was no error in refusing instructions asked by defendant, as those given presented the case to the jury manifestly fairly, and remarkably favorably to defendant, and the plaintiff is not complaining. The judgment is affirmed. All concur.