ROBERT L. OWEN, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 7, 1904.

1. DAMAGES: Flooding Lands: Demurrer to Evidence: Negligence. It is held there is evidence sufficient to send the case to the jury on the acts of negligence charged in the petition.

2. EVIDENCE: Damages: Opinion. Certain evidence relating to amount of damages is considered and held to be more than a mere expression of an opinion as to the amount of damages, since it sets forth the items making up the damages.

3. ———: Experience: Witness: Flooding Lands. Witnesses having experience as to certain overflow of lands prior to certain obstructions in the stream are competent to state how much higher the waters raised after the obstruction than before.

4. DAMAGES: Measure of: Instructions: Flooding Lands. Instructions are held sufficiently to inform the jury that damages resulting from the act of God disconnected from the negligent acts of the defendant could not be recovered from the defendant.

Appeal from Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

AFFIRMED.

*M. A. Low, Frank P. Sebree* and *H. C. McDougal* for appellant.

(1) The court committed error in refusing to give the demurrer to the evidence and instruction numbered 1 in the nature of a demurrer to the evidence, both requested by the defendant. Abbott v. Railroad, 83 Mo. 271; Fick v. Railroad, 157 Pa. St. 622, 626; Emery v. Railroad, 102 N. C. 209; Trust Co. v. Railroad, 57 Fed. 441. (2) The court committed error in the admission of evidence on the part of the plaintiff. (3) The instructions given for plaintiff are erroneous in the re-

spects mentioned about the evidence. Authorities above cited. (4) The damages for restoring fences and land were special damages and should have been specially pleaded. 1 Chit., Pl. (10 Am. Ed.), 3956; Dumont v. Smith, 4 Denio 319; State v. Blackman, 51 Mo. 319; 3 Sutherl., Dam., 426-7. (5) For the errors in the admission of evidence, as well as in the instructions given, as above pointed out, the judgment should be reversed. All error is presumed to be harmful. Thomp., Charg. Jury, sec. 130; Thatcher v. James, 31 Me. 534; Potter v. Railroad, 46 Iowa 399; State v. Shipley, 174 Mo. 516.

*M. F. Robinson, E. M. Harber* and *Ira B. Hyde & Son* for respondent.

(1) The owner of land is not estopped either by deed or assessment of damages from claiming damages caused by improper or negligent construction of a railroad bridge. 6 Am. and Eng. Ency. of Law (1 Ed.), 552; 28 Am. and Eng. Ency. of Law (1 Ed.), 966, 967, 968; Abbott v. Railroad, 83 Mo. 271; R. S. 1899, sec. 1035; Edwards v. Railroad, 97 Mo. App. 103; Harvey v. Kansas City, 94 Mo. 334; Cedar Co. v. Walker, 132 Ala. 553; Railroad v. Ramsey, 139 Ill. 9; Railroad v. Nuetzel, 43 Ill. App. 108, 59 L. R. A. 877; Brink v. Railroad, 17 Mo. App. 177. (2) In the present case the testimony clearly establishes, and is not disputed, that the obstructions complained of would have caused just such a dam to form, and resulting damage to plaintiff's crops in any ordinary overflow, such as had been of frequent occurrence. (3) It is not essential to recovery that the negligence of the defendant should be the sole cause of the damage, though it must be an efficient cause. When the act of God mingles with the negligence of defendant in causing a loss the plaintiff must show, as he does in this cause, that the negligence of the defendant was an active agent in bringing about the loss. Coleman v. Railroad, 36 Mo. App. 476; Ab-

bott v. Railroad, 83 Mo. 271; Hartshorn v. Chaddock, 17 L. R. A. 426. (4) The measure of damages as to the crops is the market value as they were immediately before the overflow, and as to the injury to the land itself the measure may be the difference in the value before and after, or it may be the cost of restoring the land to its former condition. There has been much conflict in the decisions on this point. 24 Am. and Eng. Ency. of Law (1 Ed.), 954-7; Graves v. Railroad, 69 Mo. App. 574; Hartshorn v. Chaddock, 17 L. R. A. 426-7. (5) If the damages caused jointly by the act of God and the negligence of the defendant can not be apportioned the defendant is liable for the whole damage. Brink v. Kansas City, 17 Mo. App. 202-3; Jenkins v. Railroad, 57 L. R. A. 309; Phillips v. Phillips, 34 N. J. L. 208; Washburn v. Gilman, 18 Am. Rep. 250, 251; Salisbury v. Herchenroder, 8 Am. Rep. 354; Dickinson v. Boyle, 28 Am. Dec. 281; Hartshorn v. Chaddock, 17 L. R. A. 426.

ELLISON, J.—This action was brought to recover damages to plaintiff's land, fences and crop said to have been caused by an overflow in the summer of 1903. The judgment below was for plaintiff.

Plaintiff's case is that defendant's negligence in and about the building and maintaining of one of its bridges across a stream running by his farm caused the water of a freshet in the year aforesaid to dam up and overflow his lands to an extent which would not have occurred but for the negligent obstruction at the bridge. The negligence charged consisted in building the sides of a new bridge too low; in leaving piles standing in the stream, and in allowing to remain in the bed of the stream a great length of time before and during the flood a lot of wrecked freight cars. Defendant concedes that the wreck ought not to have been left in the stream, but denies the proof of negligence in the other particulars. An examination of the evidence convinces

us that there was sufficient, tending to prove all three of the charges. There was evidence from which the jury might well reasonably infer that the new bridge was built with sides too low down. Besides, defendant had the court exclude evidence that its foreman was told that he was building below ordinary highwater line. We likewise find that there was evidence tending to prove that the extra amount of overflow caused by the obstruction was the immediate cause of the injury to plaintiff's land and crops. So we need only consider objections to evidence and to plaintiff's instructions.

Defendant insists that witnesses were asked what plaintiff's damage was and that by such mode of examination the witness was allowed to usurp the functions of the jury. The questions put to witnesses consisted of more than the mere asking the damage. That part of the questions ought not to have been asked. But, taking the whole question asked in connection with the answer of the witnesses, should the judgment be reversed for that, or is the error harmless? The questions asked directed the witness to base his estimate on the value of the crop and to deduct this from the value of the crop remaining after the flood. The answer of the witness did not state, except in one or two instances, the damage in a given sum, and in all instances gave the value of the corn per bushel and the number of bushels per acre, the number of acres and then the value per acre. The questions and answers show that the witnesses did not state, as a matter of independent opinion or judgment, the amount of damages. They each answered the questions by giving number of acres of crop or pasture and its value per acre. A part of the questions put to different witnesses was frequently improperly framed, but, in each instance, the whole question seemed to have been so understood by the witnesses as not to cause an improper answer. But, aside from and in addition to this, the instructions directed the jury properly as to the

measure of damages and how they should be estimated. All considered, we are not justified in disturbing the judgment on account of such objection. [Spencer v. Railroad, 120 Mo. 154.]

Witnesses who had experienced floods at this point at times when there were no obstructions here complained of were allowed to state how much higher the obstructions caused the water to rise and how much longer it remained over the land. In our opinion, such question was unobjectionable and affords no ground of complaint. We do not regard the authorities to be found in defendant's brief from this and other courts are in point.

The instructions for plaintiff are of some length and need not be here set out. We do not consider them justly subject to defendant's criticism. In view of defendant's claim that it was not liable for damages caused by an extraordinary and unparalleled flood, the hypothesis is put to the jury that in the event they believed it was such a flood that they would only allow such damages as the negligent obstruction of the stream caused over and above what would have occurred from such a flood if the negligent obstruction had not existed. Other phases of defendant's non-liability for damages caused alone by an unforeseen and extraordinary flood were duly submitted. Indeed, the face of the whole record shows and the jury necessarily understood that there was no attempt made to have damages allowed which were the result of the act of God disconnected from the negligent acts of defendant.

We regard the petition as sufficient and that, after verdict, it does not justify the criticism that damages to fencing ought not to be allowed. And so we are of the opinion that the objection made to instruction numbered six, relating to damages for fencing lost and injured and for injury to the land as not well taken.

The judgment is affirmed. The other judges concur.