## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant, v. WILLIAM M. STEWART.

### Division Two, March 5, 1907.

1. **CONDEMNATION: Special Benefits: Depot on Adjoining Land.** The railroad should not be permitted to prove special benefits to defendant's lands arising from the construction of the railroad and the location of a station a quarter of a mile distant from defendant's lands, where there is no evidence showing that the station can be reached by any road from defendant's farm or that defendant will derive any direct or peculiar benefits therefrom that are not shared by the rest of the neighborhood. The railroad should be permitted to prove that the erection of the station would be a special benefit to defendant, but evidence that said special benefits amount to five dollars per acre should be excluded, since the amount of the damage is for the determination of the jury.

2. ———: **Instruction: Value at Date of Taking.** Whether or not
the damages should be estimated upon the value of the land at
the date of the taking or at the date the commissioners' report,
where their assessment is paid into court for defendant, is im-
material, if the evidence shows that the value of the land was
the same at both dates. And so it is *held* in this case that an in-
struction from which the court erased the words "the value of
the land as of the date of the commissioners' report" and in-
serted the words "the value of the land at the time of the tak-
ing," was non-prejudicial, even though it be admitted that the
modification was not proper.

3. ———: ———: **Crossings.** Where the evidence is conflicting
as to whether the railroad offered defendant convenient farm
crossings, or where it shows that the railroad did offer to con-
struct crossings for defendant's use but at places undesirable
and where he could not use them, the court should refuse to in-
struct the jury that "if they believe defendant refused to ac-
cept such farm crossings as would be necessary for the con-
venient use of the two tracts of land, he cannot recover dam-
ages resulting from the absence of such crossings," because
there is no evidence on which to base the instruction.

4. ———: ———: **Incompleteness: Damages.** The court gave
this instruction: "You will allow the defendant as damages
such sum as you may believe from the evidence to be the dif-
ference, if any, between what was the fair market value of the
whole tract of land before, and its fair market value after, the
appropriation by the railroad company of the 3.1-acre strip for
the right of way purposes." *Held*, that the instruction, by it-
self, is erroneous, because of incompleteness; but when all the
instructions are considered together, they cover all the issues
of the case, present the issues fairly, and are not misleading.

Appeal from Barton Circuit Court—*Hon. H. C. Tim-
monds*, Judge.

AFFIRMED.

*E. O. Brown* and *Thomas & Hackney* for appel-
lant.

(1) The court erred in refusing to permit plain-
tiff to prove special benefits to defendant's farm, aris-
ing from the construction of the railroad, and the loca-
tion of a station on the adjoining forty. Any benefits
the location of a station on defendant's land, or the ad-

joining forty, would add to the property by way of increased facilities for marketing his farm products and shipping stock, should have been deducted from the damage. The court, therefore, erred in excluding the evidence offered by plaintiff to show that the location of a depot on the adjoining land was a peculiar benefit to defendant's farm, enhancing the value thereof at least two dollars per acre. Such benefits would be peculiar to this farm on account of the use made of it. Railroad v. McGrew, 104 Mo. 282; McElroy v. Railroad, 172 Mo. 546; Bookman v. Railroad, 137 N. Y. 302; Shattuck v. Railroad, 6 Allen (Mass.) 115. (2) It was error to fix the time at which the value of the land was to be determined as of the time plaintiff took possession and commenced work thereon, instead of April 16th, the date when the commissioners made their report, as was done by the modification of plaintiff's instruction 1, and the giving of it as modified, especially in the absence of evidence showing when plaintiff took possession and proceeded with the work of constructing the road over this land. Railroad v. Fowler, 113 Mo. 458; Railroad v. Town-Site Co., 103 Mo. 451. (3) While defendant was entitled to such farm crossings as would be necessary for the convenient use of the two tracts in connection with each other, and it was incumbent on plaintiff to construct such crossing so as to enable him to use the two parcels of land in connection with each other in conducting his farming operations, yet, if he refused to accept them or designate the location thereof, then he should not be allowed to recover damages resulting from the absence of such crossing. Railroad v. Clark, 121 Mo. 170. (4) Instruction "A" given of the court's own motion was erroneous and should not have been given. The vice of this instruction is that it authorized a verdict for defendant, ignoring any evidence of special benefits to his land arising from the construction and operation of the railroad. Nor does that instruction predicate a right of recovery

on any depreciation of the value of this land caused by the construction of the railroad through defendant's farm. Besides, it assumes that the land is worth less after the construction of the railroad than before, regardless whether such depreciation was occasioned by the construction and operation of the railroad.

*Thos. Dolan* and *John Dolan* for respondent.

(1) Appellant does not contend that defendant was not damaged to the extent of $500, but claimed in the court below that defendant had received special, peculiar and direct benefits from the construction of the railroad and the location of a depot admitted by plaintiff's witness to be a quarter of a mile from any part of defendant's farm. There was no showing that it could be reached by any road from defendant's farm, nor was it shown that defendant received any direct or peculiar benefits therefrom that were not shared by the rest of the neighborhood. Railroad v. Fowler, 113 Mo. 458; Hasher v. Railroad, 60 Mo. 303; Bridge Co. v. Ring, 58 Mo. 491; Railroad v. Richardson, 45 Mo. 466; Newby v. Platte Co., 25 Mo. 258; Plank Road Co. v. Pickett, 25 Mo. 535. Appellant fails to point out in the record a single instance where it offered, and the court excluded, evidence of any fact from which the jury would have a right to infer any special or peculiar benefit accruing to defendant's farm. The contrary appears in the record at the very outset of plaintiff's case. Spencer v. Railroad, 120 Mo. 154; Union Elevator Co. v. Railroad, 135 Mo. 353. After having introduced evidence of special benefits, appellant prayed for, and the court gave instruction 3, instructing the jury to "estimate the amount of special benefits, if any, to defendant's land as elsewhere explained, and ascertain the difference, if any, between such damages and such special benefits." This instruction could only be properly based upon evidence showing direct, special

and peculiar benefits to defendant's farm. Railroad v. Fowler, supra. Counsel cites authorities to the effect that special benefits should be considered. But they are all cases wherein the court not only refused to admit the testimony, but refused also to so instruct the jury. They are not in point here, for the testimony was admitted, and that issue was presented to the jury in the instructions prayed for by appellant. (2) From the evidence it appears that the value of the land at both dates was the same, in fact, it so appears from the testimony of plaintiff, and if there was a technical error committed in modifying the instruction, the error was in favor of appellant and certainly not to its prejudice. (3) Appellant also complains of a refusal to give instruction 4 as prayed for by it. This instruction was not predicated upon any testimony in the case. And the court would have erred in giving it if it had been, because it assumes that appellant offered to construct grade-crossings necessary for the convenient use of the two parts of the defendant's farm in conjunction with each other. There is some evidence that grade-crossings were offered to be constructed for defendant, but at a place where defendant could not conveniently use them. (4) It is objected by appellant that instruction A, given by the court of its own motion, did not cover the whole case. But all the issues in the case were covered by all the instructions, and when "the instructions, taken as a whole, present the issues fairly, and are not calculated to mislead the jury, this is all that is required." Minter v. Bradstreet Co., 174 Mo. 444; Muehlhausen v. Railroad, 91 Mo. 332.

BURGESS, J.—This is an appeal from a judgment in favor of the defendant upon a verdict assessing his damages at the sum of five hundred dollars in a condemnation proceeding instituted by plaintiff in the circuit court of Jasper county for the purpose of

condemning a right of way through defendant's farm upon which to construct a railroad. The said farm contained one hundred and sixty acres.

Commissioners to assess the damages were duly appointed and qualified and upon the 16th day of April, 1903, made their report, in which they assessed defendant's damages at $300. Thereafter the plaintiff deposited said sum with the clerk, and afterwards on the 25th day of April, 1903, the defendant filed his exceptions to the report of the commissioners, and prayed that the same be set aside and that the damages be assessed by a jury.

Thereafter, on the 2d day of June, 1903, on application of the defendant, the venue of said cause was changed to the circuit court of Barton county, and on the 17th day of September, 1903, trial was had before the court and jury, resulting in a judgment in favor of defendant for the sum of $500. In due time plaintiff filed its motion for a new trial, which was upon the same day overruled. Plaintiff appeals.

The first assignment of error is that the court erred in refusing to permit plaintiff to prove special benefits to defendant's farm arising from the construction of the railroad and the location of a station on an adjoining forty-acre tract of land. The evidence shows that the depot in question was located a quarter of a mile distant from defendant's land, and there was no evidence showing that it could be reached by any road from defendant's farm or that defendant derived any direct or peculiar benefits therefrom that were not shared by the rest of the neighborhood. The record shows that the court announced to counsel for plaintiff that they would be permitted to show any fact tending to prove that the erection of said depot was a special benefit to defendant, but did exclude evidence offered by plaintiff for the purpose of showing that said special benefits amounted to five dollars per acre of defendant's said land. This ruling was evidently based upon

the theory that the amount of damages was for the determination of the jury, which is in accordance with repeated rulings of this court. [Hurt v. Railroad, 94 Mo. 255; Belch v. Railroad, 18 Mo. App. 80; White v. Stoner, 18 Mo. App. 540; Spencer v. Railroad, 120 Mo. 154; Union Elevator Co. v. Railroad, 135 Mo. 353.] Moreover, the court told the jury that, in estimating the damages sustained by defendant by reason of the location of the road upon his land, they should consider the amount of special benefits, if any, to defendant's land by reason of the construction of the railroad, and deduct it from the amount of damages sustained by him as aforesaid. So that, even if the erection of the said depot was of any special benefit to defendant's land, the jury were permitted by this instruction to consider the same in making their estimate of damages.

Plaintiff insists that the court committed error in modifying its first instruction, by striking out the direction to the jury to assess the damages from the standpoint of the value of the land "as of the date of the commissioners' report," and inserting in lieu thereof the words "value of the land at the time of the taking," and giving the instruction as thus modified.

In Hosher v. Railroad, 60 Mo. 304, it was said: "The instructions of the defendant confined the assessment to the value at the time the land was taken, and that was entirely proper." However, in the later case of Railroad v. Fowler, 113 Mo. 458, it is held that where the amount of the award, as in the case at bar, is paid in upon the return of the commissioner's report, the date of the making of their assessment is the date of the appropriation, and that any subsequent assessment relates back and takes effect as of that date; that where the company pays to the landowner, or into court for him, the amount of the commissioners' award, any reassessment of the damages must be on the basis

of the value of the land at the date of said report. Conceding that the case last cited must control upon this question, should the judgment be reversed upon the ground of error in the instruction? We think not. Defendant's counsel in questioning the witnesses as to the value of the land, fixed the date as of April 16, 1904, the date of the commissioners' report, which value was placed by at least one witness at fifty dollars per acre. Another witness estimated the value of the land at the same figure a short time before the construction of the railroad across it. So that, it appears from the evidence that the value of the land was the same at both dates. The error, therefore, was non-prejudicial, and the judgment should not be reversed upon that ground.

Complaint is made of the action of the court in refusing instruction numbered four asked by plaintiff. The instruction is as follows: "The court instructs the jury that the defendant, Stewart, is entitled to such farm crossings as would be necessary for the convenient use of the two tracts of land in connection with each other. Therefore, in this case, if the jury believe from the evidence that he refused to accept them, he cannot recover damages, if any, resulting from the absence of such crossings."

This instruction was properly refused because of the want of testimony upon which to predicate it. It is true, there was evidence tending to show that plaintiff offered to construct crossings for defendant's use, but at places undesirable, and where defendant could not conveniently use them. The instruction is also vicious, in that, while it concedes that defendant was entitled to such farm crossings as would be necessary for the convenient use of the two tracts of land in connection with each other, it assumes that defendant was offered such crossings, when the evidence in respect thereto was conflicting. [Shoe Co. v. Hilig, 70 Mo. App. 301.]

It is finally contended that the court erred in giv-

ing, of its own motion, instruction "A," with respect to the measure of damages. It is as follows:

"You will allow the defendant as damages such sum as you may believe from the evidence to be the difference, if any, between what was the fair market value of the whole tract of land before, and its fair market value after the appropriation by the railroad company of the 3.1-acre strip for the right of way purposes."

It is argued that this instruction is erroneous in that it authorized a finding of the difference between the value of the defendant's farm before the road was constructed through it and its value afterwards, regardless of whether such difference was occasioned by the construction of the road; that if such depreciation arose from a cause other than the construction of the railroad across defendant's farm, then plaintiff would not be liable therefor. The instruction, taken by itself, is erroneous because of incompleteness, but when all the instructions are considered together, they cover all the issues in the case, present the issues fairly, and are not misleading. "The failure to embrace all the issues of the case in one instruction is not error, if they are included in the series of instructions given, and the latter, as a whole, are correct, not contradictory, nor calculated to mislead." [Muehlhausen v. Railroad, 91 Mo. l. c. 346; Minter v. Bradstreet Co., 174 Mo. 444.]

Finding no reversible error in the record, the judgment is affirmed. All concur.