St. Louis and Kansas City Railway Company, Appellant, v. Donovan et al.

149    93
150    455

149    93
f152  610

### Division One, March 30, 1899.

1. **Condemnation** : APPOINTMENT OF COMMISSIONERS IN VACATION: JURISDICTION: APPEARANCE. Where the defendants in a condemnation proceeding, brought by a railroad company before the judge at chambers in vacation, voluntarily appear and submit themselves to the jurisdiction of the court, the court is empowered to proceed to a final determination of all the issues, although the summons was issued by the clerk upon the filing of the petition, without its having been presented to the judge or any order having been given by him for the issuance of the summons.

2. ———: WAIVER OF JURY: RIGHT TO OPEN AND CLOSE INQUIRY. Where the railroad company withdraws all its exceptions to the commis-sioner's report save the one that the damages were excessive, and withdraws its request for a jury to assess the damages, the defendant has the right to open and close the inquiry.

3. ———: LUMPING ESTIMATES: WAIVER. Where no objection is made to defendants' witnesses giving lumping estimates of the damages to their lands, and these estimates are thoroughly tested by exhaustive cross-examinations, and like estimates are made by plaintiff's witnesses, plaintiff has no ground to complain.

4. ———: DAMAGES: IMPROPER ELEMENTS. Where the extent to which improper elements of damages in a condemnation proceeding enter into the estimates of defendant's witnesses, such as the noise and smoke from passing trains and the danger of setting out fires, is shown by cross-examination, and such things are excluded from the consideration of the jury by clear and pointed instructions, and the true measure of damages clearly pointed out, plaintiff can not com-plain that the estimates included improper elements of damages.

5. ———: PAYMENT OF AWARD INTO COURT: WITHDRAWAL BY DEFEND-
ANT. Where the plaintiff deposits in the hands of the clerk the
amount of the commissioners' award, the defendants have a right to
withdraw it pending the proceedings for a reassessment of the dam-
ages, and their exceptions to the award can not for that reason be
overruled, nor is it proper for the court to compel them to return said
money before further proceedings are had in the case.

6. ———: JUDGMENT FOR PUBLIC USE. Defendant's land is condemned
for public use, and the railroad's easement therein given, not by
virtue of the judgment for damages, but by virtue of the regularity
of the proceedings and the payment of damages; and a formal decree
condemning the land for public use and vesting the easement in the
the railroad, is not required by the statute.

7. ———: DEPOSIT: AMOUNT OF JUDGMENT. The judgment should fol-
low the verdict, and should not be for the amount of the verdict less
the sum previously deposited.

*Appeal from Johnson Circuit Court.*—HON. W. W. WOOD,
Judge.

AFFIRMED.

GEO. P. B. JACKSON for appellant.

(1) The record shows that the court had not then
acquired jurisdiction to try the case. The summons issued
by the clerk was a nullity. Williams v. Monroe, 125 Mo.
574. (2) The court erred in setting aside the report
of the commissioners. This action was taken without any
hearing or proof and without reviewing of the same and
without "good cause shown." R. S. 1889, sec. 2738; Rail-
road v. Richardson, 45 Mo. 466; Bridge Co. v. Shaubacker,
49 Mo. 555; Railroad v. Clark, 119 Mo. 365; Bridge Co. v.
Ring, 58 Mo. 491; Railroad v. Almeroth, 62 Mo. 343;
Rothan v. Railroad, 113 Mo. 132; Railroad v. Fowler, 113
Mo. 459; Green v. Railroad, 82 Mo. 653. For the same
reasons the court erred in refusing to require defendant to
refund the money received by him from the clerk and which
had been deposited by reason of the award of commissioners

after the award was vacated. (3) The court erred in awarding the opening and close to defendant. The burden was no more cast upon defendant than upon plaintiff. Under such circumstances the regular course of procedure should be followed and the opening and close remain with the plaintiff. · (4) The witnesses made lumping and arbitrary estimates, without regard to the amount or value of the land taken or to the damage done to that not taken. Without knowledge concerning the value of the land, or the effect on the farm in general, and in some cases by arbitrarily placing a higher estimate on the land taken than they believed it was worth, and by including in their estimate damages on account of inconvenience from smoke, and noise of passing trains, and on account of loss from fires and from stock being killed, etc., and also by including damages to a detached tract of land. Railroad v. Campbell, 62 Mo. 585; Railroad v. Story, 96 Mo. 622; Railroad v. Shambaugh, 106 Mo. 557; Railroad v. North, 31 Mo. App. 345; Railroad v. Baker, 102 Mo. 553. (5) Plaintiff was entitled to a judgment condemning a right of way over the land described in the petition and vesting in plaintiff an easement in defendant's land for the purposes of such right of way; instead of that the court simply rendered an ordinary money judgment against plaintiff for the amount of the verdict of the jury, without any credit or adjustment on account of the money paid by plaintiff to the clerk and received by defendant. This was wrong and should have been corrected on the motion in arrest. Railroad v. Clark, 119 Mo. 357.

O. L. Houts for respondents.

(1) The court had jurisdiction of the subject-matter and the parties, and its proceedings were binding. Union Depot Co. v. Frederick, 117 Mo. 138. Plaintiff having obtained possession of defendant's land, and built its road over it and occupied it, could not back out of court, or recover

the amount of the deposit it had made, or take a non-suit. Railroad v. DeLissa, 103 Mo. 125. (2) The court did not err in setting aside the report of the commissioners, and ordering a reassessment of damages by a jury. Both parties asked to have the report set aside, and defendant demanded a reassessment by a jury. After the commissioners had assessed the damages, and made a report, either party was entitled to a jury to reassess the damages. Railroad v. Mc-Grew, 113 Mo. 390; Railroad v. Story, 96 Mo. 611. (3) Defendants assumed the burden of showing that the farm of defendant Donovan was by the construction and operation of the road, damaged, and the extent of the damage, and these were the only issues in the case undetermined. The opening and closing, therefore, was properly awarded to the defendants. Railroad v. North, 31 Mo. App. 345. (4) The court did not admit evidence of lumping or arbitrary estimates, or permit the witnesses or jury to include in their estimates inconveniences from smoke or noise, or liability of loss from fires, and from stock being killed. Whenever the plaintiff objected, the court excluded such evidence, when offered, and none such was elicited except by the cross-examination by plaintiff. And finally, and in order to make assurance doubly sure, at the instance of the plaintiff, the court by instruction excluded all such evidence, and all such elements of damages from the consideration of the jury. Railroad v. Calkins, 90 Mo. 538; Railroad v. De-Lissa, 103 Mo. 125; Railroad v. Baker, 102 Mo. 553; Railroad v. Story, 96 Mo. 611; Railroad v. Fowler, 113 Mo. 458; Union Elevator Co. v. Railroad, 135 Mo. 375. (5) The judgment rendered was the only one that could have been rendered. Plaintiff had obtained and was occupying its right of way over defendant's land, and the jury having ascertained the amount of the defendant's damages, the only thing for the court to adjudge was that defendants should

recover that amount of money from the plaintiff. The statute does not provide for any other or different judgment in condemnation proceedings. Satisfaction of this judgment by the plaintiff will vest in it the easement in the land. Webster v. Railroad, 116 Mo. 118; Doyle v. Railroad, 113 Mo. 280; McReynolds v. Railroad, 110 Mo. 484.

BRACE, P. J.—This is an appeal from a judgment in favor of the defendants, upon a verdict assessing their damages at the sum of $2,900, in a condemnation proceeding instituted by plaintiff in the circuit court of Johnson county.

The proceeding was begun by petition filed by the plaintiff in the office of the clerk of that court on the twenty-second of July, 1895, upon which a summons was issued returnable before the judge of said court on the eighth of August, 1895, and served upon the defendants on the twenty-sixth of July, 1895.

On the eighth of August, 1895, the following proceedings therein were had:

"In the Circuit Court of Johnson County, Missouri, in Vacation.

"The St. Louis and Kansas City

    Railway Company, Plaintiff.

        vs.

"Dennis Donovan, Frank Donovan,

    and Connecticut Mutual Life

    Insurance Company, Defendants.

"Before the Honorable W. W. Wood, Judge of said Court. At Chambers.

"Now on this 8th day of August, 1895, comes the above named plaintiff, The St. Louis & Kansas City Railway Company, by its attorney, and presents its petition for condemnation of the right of way for the railroad of said company through, across and over the land of the defendant, Dennis

Vol. 149 mo—7

Donovan, and it appearing to me that the said defendants have been served more than ten day prior to this date, with a copy of the summons issued in this cause, directing them to appear before me at chambers in the city of Warrensburg, in Johnson county, Missouri, at this time, together with a copy of the petition filed in this proceeding, and the said defendants appearing in person and by attorney, and the matter being taken up in pursuance of the notice given in said summons, and I, the said judge, having heard the evidence produced by the plaintiff and defendants, and being fully advised in the premises, find that the defendant, Dennis Donovan, is the owner of the land described in the petition as belonging to him, to wit:    The southwest quarter of the northwest quarter of section twenty-four and the southeast quarter of the northeast quarter and the north half of the southeast quarter of section twenty-three, township forty-four, range twenty-five in Johnson county, Mo.

"And I farther find that the defendant, Frank Donovan, is residing upon and cultivating the said land as a tenant under the said Dennis Donovan.    And I further find that the defendant, the Connecticut Mutual Life Insurance Company, is the beneficiary, in a deed of trust given by the said Dennis Donovan and wife to Edward S. Rowse as trustee to secure to the said Connecticut Mutual Life Insurance Company the payment of the debt mentioned in the said deed of trust.    And I farther find that the said Edward S. Rowse has died since the making of the said deed of trust, and no other person has been appointed trustee in his place, and therefore the plaintiff is unable to make anyone a party defendant as trustee.

"And that the plaintiff requires a strip of land across and over the said tract of land belonging to the defendant, Dennis Donovan, as particularly described in said petition, as follows:    A strip of land 100 feet wide running in a southwesterly direction through the above described land

for the purpose of right of way proper, together with an additional strip twenty-five feet wide and 1,000 feet long on each side of said 100 foot strip and about midway of the length of said right of way for the purpose of constructing an embankment, all more particularly described as follows:

.  .  .

"And I, the said judge, farther find that the plaintiff has endeavored to agree with the defendants Dennis Donovan and Frank Donovan concerning the compensation that shall be paid to them on account of the appropriation and use of said land for railway purposes and on account of the damage, if any, to the other portion of said land belonging to the defendants Dennis Donovan and Frank Donovan. And I farther find that the plaintiff and the said Dennis Donovan and Frank Donovan can not agree in regard to the said compensation which should be paid by the plaintiff to the said defendants, Dennis Donovan and Frank Donovan, for the purpose and on account of the matters aforesaid; and I farther find that the use for which the plaintiff desires and seeks to acquire said tract of land from the defendants is a public use, and that the plaintiff is entitled to appropriate the said tract of land for the purpose of constructing and operating the railway described in the petition, and known as The St. Louis & Kansas City Railway, and it is entitled to have an assessment of the compensation and damages, if any, which should be paid by the plaintiff to the defendants on account of the appropriation and use of said land for the purpose aforesaid.

"Wherefore, I, the said judge, do hereby appoint A. S. Mayes, James H. Parker and R. T. Fryer, three disinterested freeholders, residents of Johnson county, Missouri, as commissioners to view and examine the premises aforesaid, and to assess the damages which the said defendants, as owners of said tract of land may sustain in consequence of the location, establishment, construction, erection, maintenance and

operation of said railroad over said land.   And the said commissioners are hereby directed to make report of their proceedings hereunder without unnecessary delay; and it is farther ordered that the clerk of the circuit court of Johnson county, Mo., prepare copies of this order and cause the same to be served upon said commissioners.

"Witness my hand at chambers in Warrensburg, Johnson county, Missouri, this, the 8th day of August, 1895.

"W. W. Wood, Judge."

Afterwards on the fourteenth of August, 1895, the said commissioners made their report assessing the defendants' damages at $2,503.15.   Thereupon the plaintiff deposited said sum with the clerk, and afterwards on the twenty-fourth of August, 1895, filed its exceptions to the report of the commissioners, and prayed that the same be set aside, and the damages be assessed by a jury, and on the same day the defendants filed their exceptions to the report and asked that the damages be assessed by a jury.   At the October term, 1895, the cause coming on for further proceedings a trial was had before a jury upon the question of damages, and upon the verdict returned, the court rendered judgment as follows:

"Now at this day come again the parties aforesaid, by their respective attorneys, and also comes the jury trying this cause, and being called and all found present, the trial of this cause is proceeded with, and the jury after hearing all the evidence, and the argument of counsel, are instructed by the court as to the law in the case, and retire to their room to consider of their verdict; and after due deliberation, come again the jury into open court, and render herein the following verdict, to wit:   'We the jury find for the defendant in the sum of $2,900.'   It is therefore ordered and adjudged by the court, that said defendants have and recover of and from said plaintiff, the said sum of two thousand and nine hundred dollars, damages assessed by the jury as afore-

said, with 6 per cent interest thereon from this date, and all costs accrued therein, and have execution therefor."

The errors complained of will be noted in the order of their assignment.

(1)   Upon the authority of Williams v. Monroe, 125 Mo. 574, the plaintiff contends that the court committed error in proceeding with the trial of the question of the damages, over its objections, for the reason that the summons was issued by the clerk upon the filing of the petition, without its having been presented to the judge or any order having been given by him thereupon for the issuance of the summons.   However well that objection might be urged in behalf of a defendant who never yielded obedience to the summons or appeared in the proceeding, as was the case in Williams v. Monroe, it comes with very poor grace from the mouth of the plaintiff who thus initiated this proceeding. And having been made after the hearing of the petition, the appointment of the commissioners, their report and payment into court of the damages assessed by them, and after defendants had in pursuance of the summons voluntarily appeared, submitted themselves to the jurisdiction of the court, participated in all these proceedings and asked that they go on to final determination; it had no force whatever, and was properly overruled.   There can be no question but that the court, having jurisdiction of the subject-matter and having thus acquired jurisdiction of the parties, was empowered to proceed to a final determination of all the issues that might properly be raised in the proceeding, and that its judgment thereon would be binding on all the parties.   [Union Depot Co. v. Frederick, 117 Mo. 138.]

(2)   After the court had overruled the plaintiff's objections aforesaid, the plaintiff withdrew all its exceptions to the report of the commissioners except one: "that the damages were excessive;" and withdrew its request for a jury.   Thereupon the defendant demanded the right to open

and close the inquiry, to which the plaintiff objected, and its objection being overruled the defendant proceeded to introduce their evidence, and this is complained of as error. Either party had a right to have the verdict of the jury upon the amount of the damages. The plaintiff had declined to assert its right. The defendants demanded that this question be submitted to the jury; the plaintiff had placed itself in an attitude of obstruction and resistance to that demand, and if any inquiry was to be had it must have been initiated by the defendants, upon whom was the burden of proof to sustain the allegations of their exceptions, and the court committed no error in this ruling.

(3) It is next contended that the court committed error in permitting the witnesses for the defendant to give their opinions as to the amount of the damages *en gross*, without specifying the amount attributed to each element that went to make up the whole.

In Railroad v. Calkins, 90 Mo. 538, and in Railroad v. De Lissa, 103 Mo. 125, it was held that parties, shown to be qualified, as the witnesses in this case were, to speak upon the subject, may in connection with the facts to which they testify, state their opinion as to the amount of the damages to the property; and while in Spencer v. Railroad, 120 Mo. 154, and Union Elevator Co. v. Railroad, 135 Mo. 353, it was suggested that the better rule was to confine the witnesses to a statement of the facts, and leave the question of the amount of the damages entirely to the jury, the admission of such estimates was nevertheless held not to be reversible error.

The objection, in this case, however, did not go to the admissibility of such estimates as evidence, but to their probative value in this instance as affected by the manner in which they were made. The value was thoroughly tested by an exhaustive cross-examination, and was a proper subject for the consideration of the jury. Most of this evidence

was admitted without objection, and like estimates by its own witnesses were introduced by the plaintiff when its turn came, so that it has no ground for complaint on this score.

But it is further complained that in these estimates of defendants' witnesses were included improper elements of damage, such as the noise and smoke from passing trains, the danger of setting out fires, the fright of animals in the inclosures along the railroad, the probability of loss by reason of animals being killed or injured on the track, etc. The extent to which these matters entered into the estimates were shown by the cross-examination, and at the instance of the plaintiff excluded from the consideration of the jury by clear and pointed instruction, and the true measures of damages given to them in plain and unmistakable terms by other instructions to which no exception has or could be taken, and the plaintiff has no reason to complain on this account.

(4) As the defendants were about to proceed with the introduction of their evidence on the question of damages the plaintiff moved the court "to overrule defendants' exceptions, for the reason that the defendants herein have accepted the money paid by the plaintiff to the clerk and has since procured the court to make an order setting aside the report of the commissioners, or to require defendant to return said money before any further proceedings are had in this case." To the overruling of this motion the plaintiff excepted and assigns the same as error.

No evidence was offered in support of this motion and whether defendants had in fact received the money deposited with the clerk does not appear. But be that as it may, the court committed no error in overruling the motion; as the defendants had a right to withdraw the money pending the proceeding for a reassessment of the damages, as the plaintiff had upon its payment into court the corresponding right to enter upon and enjoy the use of the land sought to be

condemned.    [Railroad v. Fowler, 113 Mo. 458; Railroad v. Clark, 119 Mo. 357.]

(5)    A reversal of the judgment is next urged on the ground that it did not contain a formal decree condemning the land for public use, and vesting the easement in the plaintiff.    The land of the defendant is condemned for public use, and plaintiff's easement therein is given, not by virtue of the judgment for the damages, but by virtue of the regularity of the proceedings and the payment of those damages. Its muniment of title is the record of those proceedings.    A decree such as is suggested is not required by the statute, is unnecessary to the perfection of the plaintiff's title, and would seem to be improper even until the damages ascertained by the judgment had been paid.

(6)    It is next objected to the judgment that it was for the full amount of the verdict without any deduction for the amount deposited.    There is no error in this.    The judgment followed the verdict as it should have done.    The deposit did not operate on the verdict, but on the judgment after it was rendered, as a payment *pro tanto* thereon, to be applied as such under a proper order of the court.

Finding no reversible error the judgment of the circuit court is affirmed.

All concur, except MARSHALL, J., absent.