THE STATE EX REL. STATE HIGHWAY COMMISSION OF MISSOURI, Appellant, v. A. N. DAY and MYRTLE DAY, His Wife, and FEDERAL LAND BANK OF ST. LOUIS, Holder of Mortgage.—35 S. W. (2d) 37.

Court en Banc, February 2, 1931.

*John W. Mather, Wilkie B. Cunnyngham, Ralph M. Eubanks, Jean Paul Bradshaw* and *B. F. Boyer* for appellant.

*W. W. Botts* and *Abbott, Fauntleroy, Cullen & Edwards* for respondents.

124

RAGLAND, C. J.—This case was first heard in Division Number One. From the opinion prepared following its submission there we take the following general statement of the case:

"This proceeding was instituted in the Circuit Court of Audrain County to condemn certain land belonging to defendants, who appear here as respondents, for right of way and drainage purposes in the location and construction of a certain state highway. The amount of land sought to be taken for right of way purposes was 5.28 acres; that sought for a channel for drainage purposes, fee not to be taken, was a strip not more than five feet in width extending at right angles from the outside right-of-way lines of said road at a certain station for a distance of fifty feet each way. This highway was located across defendants' 330-acre farm, which consisted of five adjoining forty-acre tracts, the west line of which extended one and one-fourth miles north and south; and three forty-acre tracts and about ten acres off of the north side of another forty-acre tract, all contiguous, immediately east of and adjoining the north four of the five forty-acre tracts first mentioned. The highway in question entered defendants' land near the middle of the south line of said ten-acre tract, thence extended in a northwesterly direction to the northwest corner of the forty-acre tract lying immediately north of said ten-acre tract, thence in a northwesterly direction across a contiguous forty-acre tract to the northwest corner thereof. The location of the state highway thus substantially bisected defendants' farm. The principal buildings and improvements were located slightly northeast of the center of the farm and were north and east of the location of the state highway. Commissioners were appointed and they returned an award of $727.50 in favor of the landowners. All parties filed exceptions to this award, and a jury trial was had, resulting in a verdict of $1500 for defendant landowners. Plaintiff appealed from the judgment entered thereon."

The judgment appealed from is as follows:

"It is therefore considered, ordered and adjudged by the court that the defendants and each of them have and recover of and from the plaintiff, the State Highway Commission of Missouri, the sum of $1,500, the amount found by the jury to be due in this cause, and the cost in this suit expended, and execution issue therefor."

The question of jurisdiction of the appeal was raised in Division by the court of its own motion. It is now insisted by both parties that our jurisdiction is maintainable on either of two grounds, namely; (1) that the case involves title to real estate, and (2) that a state officer is a party. The question will be considered with reference to each, in the order named.

· 1. It is to be noted that the condemnor is the appellant, and that the sole ground of its complaint in this court is that the award of damages was excessive. Every assignment of error it makes goes to some matter which had a bearing on the assessment of damages in the trial court, and nothing else. The judgment itself is silent as to title, and we think properly so. The exercise of the power of eminent domain has been delegated by the Legislature to the State Highway Commission and to various municipal and public service corporations, but not to the courts. The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation the title passes by operation of law. The only function that the court performs in a condemnation proceeding is in the ascertainment of just compensation, unless the question of public use be drawn into the proceeding. It may in its judgment make pronouncement of condemnation, but if so its judgment in that respect is a mere empty form. [Eighme v. Railroad Co., 238 S. W. 479; Land & Improvement Co. v. Kansas City, 293 Mo 674. 239 S. W. 864; Doyle v. Railroad Co., 113 Mo. 280, 20 S. W. 970; Green v. Railroad Co., 82 Mo. 653; Provolt v. Railroad Co., 57 Mo. 261.]

If the judgment in this proceeding, prosecuted for the sole purpose of having the amount of compensation determined, can be said to affect the title to real estate, it affects such title only indirectly and incidentally; that does not give us jurisdiction. [Missouri Power & Light Corporation v. Creed, 30 S. W. (2d) 605.]

2. It may be conceded that the members of the State Highway Commission are state officers; but they are not parties to this proceeding. The suit was brought in the name of the State of Missouri by the State Highway Commission, as directed by the statute creating the Commission. [Laws 1921, 1st Ex. Sess., p. 131.] Within the contemplation of the statute, the Commission is not a number of individuals: it is an artificial legal entity—a quasi-public corporation, empowered as such to contract and to sue and be sued. [State ex rel. v. Bates. 296 S. W. 418.] It is not a state officer. [State ex rel. v. Missouri Workmen's Compensation Commission, 27 S. W. (2d) 1026.]

The cause is transferred to the St. Louis Court of Appeals.

All concur, except *Henwood, J.*, not sitting.