CONSOLIDATED SCHOOL DISTRICT NO. 2 OF CLINTON COUNTY v. BESSIE O'MALLEY and PATRICK J. O'MALLEY, Her Husband, Appellants. —125 S. W. (2d) 818.

Division One, March 8, 1939.

*Julian L. O'Malley* and *V. E. Phillips* for appellants.

1188

*D. F. Bennett* for respondent.

GANTT, J.—Plaintiff is a consolidated school district of Clinton County and the schoolhouse is in the town of Gower, having a population of three hundred seventy-eight. Under Section 9215, Revised Statutes 1929, of the general school law, said district sought to condemn vacant lots one to six, inclusive, block twenty, original town of Gower. The defendant Bessie O'Malley owned said lots. Patrick J. O'Malley is defendant as the husband of Bessie O'Malley. Judgment was entered condemning the lots as additional ground adjacent to the school site and for school purposes. In due course the court appointed commissioners, who filed a report in which they fixed the value of the lots and defendants' damages at $635. Plaintiff filed exceptions to the report. Defendants filed answer and also filed exceptions to the report. On a trial the jury fixed the value of the lots and defendants' damages at $400. Judgment was entered for defendants for $400 and they appealed. In this connection it should be stated that the vacation of the street and alley between the lots and the schoolhouse site is not involved in this suit.

The answer challenged the authority of plaintiff to condemn the lots. It follows that the title to real estate is involved and this court has appellate jurisdiction. [State ex rel. Palmer et al. v. Elliff et al., 58 S. W. (2d) 283, 284; Richter v. Rodgers et al., 327 Mo. 543, 37 S. W. (2d) 523; State ex rel. State Highway Commission v. Gordon et al., 327 Mo. 160, 36 S. W. (2d) 105.]

I. Defendants contend that neither Section 9215 nor any other section of the statutes authorizes plaintiff to condemn the lots as additional grounds for school purposes. Section 9215 follows:

"Whenever any district shall select, at the annual or any special meeting, one or more sites for one or more schoolhouses, or the board of education in city, town or consolidated school district, *under the provisions of the statute applicable thereto,* shall locate direct and authorize the purchase of sites for schoolhouses, libraries, offices and public parks and playgrounds, or additional grounds adjacent to schoolhouse site or sites, and cannot agree with the owner thereof as

to the price to be paid for the same, or for any other cause cannot secure a title thereto, the board of directors or board of education aforesaid may proceed to condemn the same in the same manner as provided for condemnation of right of way in Article 2, Chapter 7, R. S. 1929, and upon such condemnation and the payment of the appraisement, as therein provided, the title of said lot or land shall vest in the board of directors or board of education aforesaid for use in trust for the district and the purposes for which the same was so selected and located: All laws or parts of laws in conflict with this law are hereby repealed." (Italics ours.)

It should be noted that, by implication, this section makes it the duty of the board of education to determine if additional grounds are needed for school purposes.

Defendants direct attention to the italicized part of said section as follows: "under the provisions of the statute applicable thereto." They argue that said provision directs the board of education to the statute relating to city, town and consolidated districts for authority to condemn land for additional school grounds. We think defendants are correct in thus construing said provision. But on referring to the statute relating to city, town and consolidated school districts we find Section 9333, which in part follows: "The board of education of any town, city or consolidated school district shall, except as herein provided, perform the same duties and be subject to the same restrictions and liabilities as the boards of other school districts acting under the general school laws of the state."

The said section, 9333, then proceeds to authorize the board of education in certain cities to establish and maintain separate libraries, public parks and playgrounds for white and colored persons. It limits the money for such purposes according to population and provides that the district must have money on hand for said purposes. This part of said section does not authorize plaintiff to condemn the lots.

Even so, the quoted part of Section 9333 provides that the board of education of a consolidated school district shall perform the same duties as the boards of school districts acting under the general school law. In other words, Section 9215 of the general school law, by this reference, is incorporated into the statute relating to city, town and consolidated school districts. If so, plaintiff was authorized by Section 9215 to condemn the lots in question for school purposes.

II. Defendants also contend that instructions using the words "clear market value," "actual cash market value," and "actual cash value" were prejudicial. We do not think so. Instruction No. 3 correctly defined "market value" as the measure of damages. For this reason, and under the facts of this case, the use of the challenged words in other instructions could not have been prejudicial.

The judgment should be affirmed. It is so ordered. All concur.