TONEY MARTONE, RESPONDENT, v. JOHN W. BRYAN, DEFENDANT, WILSON & COMPANY, GARNISHEE, APPELLANT.—130 S. W. (2d) 962.

Kansas City Court of Appeals. June 19, 1939.

*J. Cairns* and *Glen A. Wisdom* for appellant.

*Joe Levin, Harold Waxman* and *Charles N. Sadler* for respondent.

KEMP, J.—This is an action in attachment filed in the justice court of Louis J. Mazuch, Second District, Kaw Township, Jackson County, Missouri. Kaw Township is within the limits of Kansas City,

Missouri. Defendant is a non-resident of Missouri, and the sole ground of attachment is the non-residence of defendant. The attachment is directed at wages earned by defendant as an employee of Wilson & Company, the garnishee and appellant herein. The appellant was twice served with "notice and summons of garnishment" and each time made a return admitting that it owed the defendant $16.60.

On July 9, 1937, and shortly prior to the filing of the second answer by the garnishee, although no order of publication had been made by the justice of the peace, the constable of said justice court made a return that on that date he has posted four advertisements in four public places in Jackson County, Missouri, notifying defendant that a writ of garnishment in the above cause had been issued against him and that said cause was returnable July 30, 1937.

On August 16, 1937, the following judgment in the justice of the peace court was rendered:

"Plaintiff appears by his attorney of record, Joe Levin, but defendant, John W. Bryan, appears not but makes default, and garnishee Wilson and Company, appears not but makes default, and the justice having heretofore found that said garnishee, Wilson and Company, was indebted to defendant, John W. Bryan, in the sum of $33.20 and said sum having been ordered to be paid into court and garnishee failing to pay said sum into court, and the justice having heard the evidence finds that defendant is indebted to plaintiff in the sum of $48.75, and garnishee has the sum of $33.20 belonging to defendant, and that plaintiff's attachment should be and the same is hereby sustained.

"WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED, that plaintiff's attachment be sustained against defendant, in the sum of $33.20 found in the hands of Wilson and Company, garnishee, and said garnishee having failed to pay said sum into court as directed, that plaintiff have and recover of and from Wilson and Company, garnishee in this cause, the sum of $33.20 and his costs herein, and that execution issue therefor."

On the same date, garnishee, Wilson & Company, took an appeal to the circuit court of Jackson County, Missouri. After said appeal was lodged in the circuit court, garnishee filed a motion to dismiss on the ground that the justice of the peace acquired no jurisdiction of the person of defendant or the subject-matter of the cause of action and that, accordingly, the circuit court acquired no jurisdiction to render judgment against the garnishee.

On December 21, 1937, said motion was heard and overruled and judgment was rendered in favor of the plaintiff and against the garnishee for the sum of $33.20. From said judgment an appeal was duly allowed to this court. No bill of exceptions was filed and only the record proper is before us.

The sole contention made by appellant in this case is that the justice of the peace never acquired jurisdiction in this case, and hence the circuit court was without jurisdiction to render the judgment herein.

Respondent contends that no part of the transcript of the justice is a part of the record proper in this case, and apparently makes the further contention that, this being true, the record proper is confined merely to the judgment of the circuit court which is regular on its face, and hence there is nothing before this court for review.

In Smith v. Moseley, 234 Mo. 486, l. c. 495, it is held that:

"The record proper consists of the process and return, the pleadings, the verdict and judgment in civil cases."

In Hill v. Combs, 92 Mo. App. 242, the court at page 247 of the opinion said:

"And it will be seen by reference to Bateson v. Clark, *supra*, (27 Mo. 34), and the many cases that have followed it, that it has also been held that the record proper consists of the petition, summons and all subsequent pleadings, together with the verdict and judgment, and if material error in such record appears, the judgment will be reversed whether any exceptions were saved or not."

In Barnes v. Plessner, 162 Mo. App. 460, the court had under consideration a replevin suit which originated before a justice of the peace in Schuyler County. As in the case at bar, it was there contended that "the judgment should be reversed because the record fails to show the justice of the peace, before whom the suit was instituted and tried, was possessed of jurisdiction over the same." The statute there under considered with reference to jurisdiction provided:

"Every action recognizable before a justice of the peace shall be brought before some justice of the township, either: First, wherein the defendants, or one of them, resides, or in any adjoining township, etc."

The evidence there showed that both plaintiff and defendant resided in Chariton Township in Schuyler County, and the replevin suit was instituted before a justice of the peace in Liberty Township in the same county. The docket entries of the justice did not disclose that Liberty Township, in which the suit was instituted and tried, and Chariton Township, in which both plaintiff and defendant resided, adjoined. It was there held that:

"It is always competent to look at the return of the constable on the summons in aid of the proceeding, for it is parcel of the judgment roll. If a jurisdictional fact appears from such return, it is equally available in support of the judgment as if it appeared from some other portion of the record, for the whole record is to be viewed in support of the jurisdiction of the justice."

The amended return of the constable stated that "Chariton Town-

ship in which defendant was served adjoins Liberty Township in which the suit was instituted, and that both townships are in the same county." The court held that:

"This is of itself certainly sufficient to support the jurisdiction of the justice, for, as before said, the fact appears in the judgment roll."

In the case at bar, the transcript of the justice of the peace included, among other papers and records, the petition or statement of account, the writ of attachment, the return thereon, notice and summons of garnishment and the respective returns thereon, and the judgment of the justice, all duly certified to by the justice as a "full, true, and complete transcript of all the proceedings had before me on the above entitled cause, and that such transcript is accompanied by all processes and other original papers filed in said cause."

The certificate of the clerk of the circuit court shows the filing of said transcript in said circuit court on November 22, 1937. Undoubtedly the plaintiff's petition or statement and the notice and summons of garnishment and the return thereon are parts of the record proper which is available for examination by this court in determining the question of jurisdiction.

Justice courts are inferior courts and their jurisdiction is strictly limited by statutory provisions with respect. Jurisdiction, both of the subject-matter and of the parties to the action, must affirmatively appear from the face of the record of a justice of the peace court. [State ex rel. Kelly v. Trimble, 247 S. W. 187, l. c. 191; Barnes v. Plessner, 162 Mo. App. 460, l. c. 463, 464; Iba v. Hannibal & St. Joseph Railroad Co., 45 Mo. 469, l. c. 475.]

Section 1424, Revised Statutes of Missouri, 1929, is as follows:

"No wages shall be attached or garnished before personal service is had or obtained upon the defendant, unless the suit be brought in the county where the defendant resides, or in the county where the debt is contracted and the cause of action arose or accrued, and in cities over one hundred thousand inhabitants in the 'City' where the defendant resides or the debt is contracted and the cause of action accrued: Provided the petition or statement filed in the cause *and* the writ or summons of attachment or garnishment shall affirmatively show *the place where the defendant resides and the place where the debt is contracted and the cause of action arose.*" (Italics ours.)

Thus, the statement requires that (1) "the petition or statement filed in the cause *and* (2) the writ or summons of attachment or garnishment shall affirmatively show (1) the place where the defendant resides and (2) the place (in this case the city) where the debt is contracted and the cause of action arose."

The statement filed in the justice of the peace court, omitting caption, is as follows:

"Due to plaintiff by defendant for balance of rent at apartment four (#4) Blackstone apartments, 507 West 39th Street, Kansas City, Missouri, as a tenant of plaintiff from May 1, 1937 to May 17th, 1937, at $32.50 per month .................... $16.25

"Due to plaintiff for rental for one month additional for failure to give statutory notice of intention to vacate, said premises being vacant and unoccupied and unrented for said additional month ................................. 32.50
_____
$48.75

"Plaintiff further states that defendant is a resident of Kansas City, Kansas; that the plaintiff is a *bona fide* resident of Kansas City, Jackson County, Missouri, and that the cause of action accrued in Jackson County, Missouri, and that the debt was contracted in Jackson County, Missouri."

The instant suit was instituted in a justice of the peace court in Kansas City, Missouri. We take judicial notice that Kansas City is a city of more than 100,000 inhabitants. The record discloses that the suit was not brought in the county or in the city where the defendant resided, there being the affirmative allegation that "defendant is a resident of Kansas." The statute requires that the petition or statement affirmatively show that the debt was contracted and the cause of acton accrued (in this case) in the city where the suit was brought.

Doubtless the concluding paragraph of the above statement was intended to bring said statement within the requirements of the statute. Clearly, however, this language is insufficient, inasmuch as it fails to recite that the debt was contracted and the cause of action accrued in Kansas City, Missouri. Nor can we say that the statement of account itself discloses facts sufficient to constitute an affirmative showing of jurisdiction of the justice court where the suit was filed. While it might be contended that the jurisdictional requirement is met, from inferences fairly arising from the statement itself, in view of the fact that the suit is for rent on property located in Kansas City, Missouri, we need not decide that question in view of the undoubted defect appearing in the summons of garnishment.

The statute makes the same requirements with respect to the writ or summons of attachment or garnishment as is made with respect to the statement. In this case the notice and summons of garnishment contained the following allegation:

"This debt was made and accrued in State of Missouri. Plaintiff is a resident of State of Missouri, and defendant is a *bona fide* resident of State of Kansas."

Nowhere in said "notice and summons of garnishment" is there anything to show that the cause of action arose and accrued in Kansas City, Missouri, where the suit was instituted, and hence there is here a failure of compliance with the requirements of the statute.

The statute requires that *both* the "statement *and* the writ or summons of attachment or garnishment" shall affirmatively show the place where defendant resides and where the debt is contracted and the cause of action arose.

Since the summons of garnishment in this case fails to meet the requirements of Section 1424, *supra*, no jurisdiction was acquired by the justice of the peace court. This is in harmony with a ruling in the case of Iba v. Hannibal & St. Joseph R. R. Co., 45 Mo. 469, wherein, at page 475 of the opinion, the court said:

"There is one fatal objection, however, to this record. It has always been held that the proceedings of inferior courts should show jurisdiction; and though it were better in this case that it appear in the statement of the cause of action, yet if it were shown in the writ or transcript, it would suffice. In actions for injuries to cattle, etc., the justice's jurisdiction is confined to such as arise "within their respective townships,' thus making it a local action. *Though it might perhaps be gathered from the evidence, yet the record proper fails to show the fact."* (Italics ours.)

Whereupon, the judgment in favor of the plaintiff was reversed.

In the case at bar the justice court having acquired no jurisdiction, it follows that the circuit court had no jurisdiction to render the judgment herein.

In view of our conclusion hereinabove announced, it is unnecessary for us to pass upon other jurisdictional points raised by appellant in its brief.

The judgment is reversed. All concur.

## ON MOTION FOR REHEARING.

KEMP, J.—Respondent has filed motion for rehearing herein, wherein he contends that the abstract of record in this case does not contain the certificate of the clerk of the Circuit Court of Jackson County of the filing therein of the transcript of the justice of the peace court.

We call attention to the fact that on this appeal, the appellant challenged the jurisdiction of the circuit court to render the judgment from which the appeal was taken.

In answer to respondent's contention, we need only observe that the transcript by which this appeal was lodged in this court, filed herein on August 20, 1938, is certified to by the clerk of the Circuit Court of Jackson County, Missouri, on August 11, 1938, under his seal of office. Said transcript contains a transcript of the record and proceedings of the justice court in which this proceeding originated,

said justice of the peace transcript bearing the certificate of Louis J. Mazuch, Justice of the Peace, certifying that same is a full, true and complete transcript of the proceedings had before him in said cause, ''and that such transcript is accompanied by all the processes and other original papers filed in said case.'' The certificate of the clerk of the Circuit Court of Jackson County recites the filing in said Circuit Court of Jackson County, Missouri, of said justice of the peace transcript of records and proceedings therein on November 22, 1937.

An appellate court, in determining a question of jurisdiction of a court to render a judgment, is not limited to the contents of the printed abstract of the record, but may, and where necessary does, examine the transcript filed in this court upon the certificate of the clerk of the circuit court from which the appeal is taken. State ex rel. Caruthers v. Drainage District, 271 Mo. 429; Cross v. Rubey, 206 S. W. 413. All of the records, payers and facts necessary for a determination of the issues passed upon in our opinion in this case were properly before this court.

Motion for rehearing is, therefore, overruled. All concur.