STATE OF MISSOURI at the Relation of the CITY OF ST. LOUIS, Relator, v. HONORABLE ERNEST F. OAKLEY, Judge of the Circuit Court of the City of St. Louis.—No. 39413.—188 S. W. (2d) 820.

Court en Banc, July 2, 1945.

*George L. Stemmler, Joseph F. Holland, James B. Steiner* and *Oliver T. Johnson* for relator.

126

*Frank Coffman* and *R. T. Brownrigg* for respondent.

 CLARK, C. J.—This is an original proceeding in prohibition, the determination of which involves a consideration of two cases pending in the circuit court of the City of St. Louis.

The first, or Archwill case, is a condemnation suit filed by the City, pursuant to an ordinance duly passed, for widening a portion of Gravois Avenue from 80 feet wide to 108 feet wide. This was assigned to the Condemnation Commission which filed its report awarding damages to property owners in the sum of $125,000.00, including $5,071.00 to defendant Clarence H. Roehm. The city deposited the total amount awarded, took possession of the property, paved the widened portion of the street and constructed an underpass. Certain exceptions were filed to the Commissioners' report, all of which were settled. The award of $5,071.00 in favor of Clarence H. Roehm was paid to him on his application. Relator's brief states that the City through oversight neglected to dismiss its exceptions to the Roehm award until after the instant prohibition case was filed in the Supreme Court. No final judgment approving the commissioners' report has been entered.

The second, or Gruss case, is a condemnation suit filed by the city to ascertain the damages to private property and to assess special benefits resulting from a change of grade of Gravois Avenue, as widened, in accordance with an order of the Board of Public Service. In this suit damages as to 33 of the 42 parcels have been settled. The damages to the tract owned by Clarence H. Roehm, which relator says will exceed $7,500.00, have not been settled. On motion filed by Roehm and on stipulation that the same might be done without prejudice, the Gruss case was assigned to a division of the circuit court and the judge has indicated his intention to refer the same to the Condemnation Commission to begin the trial of the grade damages. To prevent such reference the city, as relator, filed the instant prohibition suit in this court.

Briefly, relator's position is that under Article 21 of the city charter damages cannot be assessed in the Gruss case for changing the grade of Gravois Avenue, as a street 108 feet wide, because no final judgment for widening the street has been rendered in the Archwill case. To put it another way, relator claims that the city will not get title to the widened portion of the street until final judgment in the Archwill case; that the street to the width of 108 feet is not yet a public street and that damages for changing its grade cannot be assessed until it legally becomes a public street.

Relevant portions of Article 21 of the city charter are:

"Sec. 6. At any time after the commissioners file their report the City may pay into court the amount of damage assessed, less benefits, if any, and thereupon it shall be entitled to take possession of or damage the property . . ."

"Sec. 8. . The court upon approving the commissioners' report shall render final judgment thereon reciting the report and adjudging that the city have and hold the property petitioned for, describing the same, for the purposes specified, upon payment of the damages less the benefits assessed in each instance; that so much of the report as is a judgment for benefits against specific property be a lien on such property for ten years from entry of the judgment, and prior to all other liens thereon; and that the city recover the respective benefits in excess of damages assessed in each instance against private property, . . . and have execution therefor.''

In condemnation suits under our general statutes we have consistently held that the easement in or title to private property is fully acquired by the condemnor when it pays to the owner, or into court for him, the amount of damages awarded by commissioners legally appointed, although the judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. [State ex rel. v. Day, 327 Mo. 122, 35 S. W. (2d) 37, and cases cited.] In the Day case we said: ''The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation the title passes by operation of law. The only function that the court performs in a condemnation proceeding is the ascertainment of just compensation, unless the question of public use be drawn into the proceeding. It may in its judgment make pronouncement of condemnation, but if so its judgment in that respect is a mere empty form.'' To the same effect is State ex rel. v. Bruce, 334 Mo. 312, l. c. 315, 66 S. W. (2d) 847.

Despite a difference between the language used in the city charter from that in our general condemnation statutes, we think the legal effect is the same so far as the time of passing title is concerned and so, in substance, we have held.

In Thompson v. St. Louis (Mo.), 253 S. W. 969, the city had brought condemnation to widen a street. Commissioners had awarded damages which the city had deposited, but the landowner had not accepted. The city took possession of the increased width, paved the original width of the street, and then created a benefit district and issued tax bills. The owner sued to cancel the tax bills, one ground being there had been no final judgment in the suit to widen the street. We held the tax bills valid; that the city's right to the property condemned accrued on ██ deposit of the commissioners' award and the fact that final judgment had not been rendered was of no consequence.

State ex rel. City of St. Louis v. Sartorius, Judge, 340 Mo. 832, 102 S. W. (2d) 890, was a condemnation suit in which the city deposited the amount of the first award of commissioners. The award was set

aside and a second award was filed for a greater amount. We held that the city could not be compelled to increase its deposit or vacate the property.

In City of St. Louis v. Senter Commission Co., 337 Mo. 238, 85 S. W. (2d) 21, l. c. 25, we said: "So far as the record shows practically all of the plaza property had been acquired by that time, and the city had paid into court the damages awarded for the rest. The city, therefore, obtained this property for public purposes *before the final judgment in the case."* (Emphasis ours.)

■ Relator's position is untenable. It says that Gravois Avenue is not a public street 108 feet wide because the judgment in the Archwill case is not final. But, if the widened street is not a public street, the city has become a trespasser by changing the grade of private property. To further show the inconsistency: under the city charter the proceeding to widen the street and to change the grade could have been included in the same suit. If this had been done the city would be in the impossible position of saying that damages for changing the grade could not even be submitted to commissioners until title be acquired by final judgment; although, of course, no final judgment could be rendered until all damages had been reported on by commissioners and the report approved by the court.

The language in Section 8 of the charter requiring the final judgment to recite "that the city have and hold the property," etc., standing alone, might furnish some basis for relator's contention. But Section 8 must be construed with Section 6 which expressly states that upon depositing the amount of the commissioners' award the City "may take possession of or damage the property." The city did take possession of the widened portion of the street, paved it, and it has ever since been used as a part of the public street. The widened street is just as much a public street as it will ever be and the city is not in a position to claim otherwise.

■ We see nothing to prevent the circuit court from submitting to commissioners the question of damages and benefits resulting from change of grade.

Accordingly, the preliminary rule in prohibition heretofore issued herein is hereby discharged. All concur.