CARUTHERSVILLE SCHOOL DISTRICT No. 18 OF PEMISCOT COUNTY, MISSOURI, and JOHN W. SAWYER, JR., IVERSON MICHIE, ROBERT C. MEHRLE, JAMES M. REEVES, BERENICE VANAUSDALL and JESSE MARKEY, Board of Directors of Caruthersville School District No. 18 of Pemiscot County, Missouri, Plaintiffs (Respondents), v. J. B. LATSHAW, NELL LATSHAW, C. L. WALDRON and MRS. C. L. WALDRON, MARVIN J. WALDRON and MRS. MARVIN J. WALDRON, BOB WHITE and MRS. BOB WHITE, ELMER BECK and MRS. ELMER BECK, Defendants (Appellants), No. 41743—233 S. W. (2d) 6.

Division One, September 11, 1950.

Motion to Transfer to Banc Overruled, October 9, 1950.

1212

*Von Mayes* and *Haw & Haw for appellants.*

1214

*Ward & Reeves* for respondents.

1216

1218

■ ASCHEMEYER, C.—■ This is an appeal by J. B. Latshaw and Nell Latshaw, defendants in a condemnation proceeding instituted by the Caruthersville School District No. 18 and the members of the Board of Directors of said school district, from an order overruling their motion to vacate and set aside the judgment entered in such proceeding. An appeal lies from an order overruling a motion to vacate a judgment. Harrison v. Slaton, (Mo. Sup.) 49 S. W. 2d 31, 34; Ford v. Ford, (Mo. Sup.) 24 S. W. 2d 990, 992. The motion to vacate challenged the validity of the judgment entered in the condemnation proceeding. Whatever title respondents have to the property sought to be condemned is derived from the condemnation proceeding. Thus, the motion to vacate seeks to vitiate respondents' muniment of title. Title to real estate is involved and this Court has appellate jurisdiction. Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. 2d 771; Art. V, Sec. 3, Constitution of 1945.

■ Respondents filed suit against appellants (owners in fee simple of the tract of land described in the petition) and others, to condemn and acquire real estate as a site for additional school buildings and playground. The suit was brought under the provisions of Sec. 10348, R. S. 1939, Mo. R. S. A. §10348, which empowers school districts, through their Boards of Directors, to condemn real estate in the manner provided in Art. 2, Chap. 8, R. S. 1939 (Secs. 1504-1508, R. S. 1939, Mo. R. S. A. §§1504-1508). Both Sec. 10348 and Sec. 1504, R. S. 1939, Mo. R. S. A. §§10348-1504, require, as a condition of the right to condemn, that the condemnor be unable to agree with the owner upon the price or proper compensation to be paid for the land to be appropriated. It has been held that inability of the parties to agree upon compensation to be paid is jurisdictional and must be pleaded and proved. School Dist. of Clayton v. Kelsey, 355 Mo. 478, 196 S. W. 2d 860, 861; State ex rel. State Highway Commission v. Williams, (Mo. App.) 69 S. W. 2d 970, 971. Accordingly, appellants' motion, to vacate the judgment in the instant case raises the issue that the judgment is void and the Circuit Court was without jurisdiction to render it because: "It does not appear affirmatively upon the face of the record * * * that plaintiffs * * * made a bona fide attempt ■ to agree with defendants upon the amount of compensation to be paid them for the property."

■ Appellants' motion to vacate was filed after the expiration of the term of court at which the so called "Final Judgment in

Condemnation" was entered. It seeks to impeach the judgment for irregularity or invalidity which is said to be patent upon the face of the record in the proceeding. Authority for such a motion, if made within three years after the expiration of the term at which the judgment was rendered, is contained in Sec. 1267, R. S. 1939, Mo. R. S. A. §1267. Such a motion under the statute "must be one based upon an irregularity which is patent on the record and not one depending upon proof *dehors* the record." State ex rel. Potter v. Riley, 219 Mo. 667, 681, 118 S. W. 647; Harrison v. Slaton, supra; Crabtree v. Aetna Life Insurance Co., 341 Mo. 1173, 111 S. W. 2d 103, 107. It is, in legal effect, a collateral attack on the judgment and such an attack will not lie unless a judgment is void upon the face of the record. Ray v. Ray, 330 Mo. 530, 50 S. W. 2d 142, 143; Howey v. Howey, (Mo. Sup.) 240 S. W. 450; Inter-River Drainage Dist. v. Henson, (Mo. App.) 99 S. W. 2d 865; Ecton v. Tomlinson, 278 Mo. 282, 212 S. W. 865. The validity of a judgment is not to be determined from the face of the judgment alone, but from an examination of the record or "record proper." Such a record includes, among other things, the petition and subsequent pleadings. It includes, generally, "those matters which, by positive law, or by rule of practice, are made *'of record'*, and as such are self-preserving, and those matters occurring during the progress of the *trial* of a cause which otherwise would not be *of record* unless made so, and preserved, by bill of exceptions filed by order of the court." State ex rel. May Department Stores Co. v. Haid, 327 Mo. 567, 38 S. W. 2d 44, 50; see also In re Moore's Guardianship, (Mo. App.) 148 S. W. 2d 116, 118; In re Arnold's Estate, (Mo. App.) 176 S. W. 2d 837, 838; Martone v. Bryan, 233 Mo. App. 1249, 130 S. W. 2d 962, 965.

The record facts shown in the transcript on this appeal (omitting certain facts not considered essential to a decision) are as follows: The original petition for condemnation was filed in the Circuit Court of Pemiscot County on July 22, 1948. Appellants filed an answer thereto on July 26, 1948. On July 27, 1948, respondents filed their first amended petition which alleged that they had been unable to agree with appellants upon the damages occasioned by the acquisition of the property described in the petition and which recited the adoption of a resolution by the Board of Directors of the School District which provided, in part:

"WHEREAS, this Board of Directors has heretofore made an offer for the purchase price of the above-described real estate to the present owners of said real estate and this Board of Directors have been unable to agree upon a price:

"THEREFORE, BE IT RESOLVED that the attorney heretofore selected by this Board of Directors be authorized to proceed by whatever legal proceedings he may deem necessary to condemn and ap-

propriate the above described real estate for the uses aforesaid.'' On July 29, 1948, appellants filed an amended answer to this petition. This answer admitted the allegations of the petition concerning the inability of the parties to agree upon the price of the land to be acquired and also admitted that the resolution set out in the amended petition was unanimously adopted by the Board of Directors of the School District. On August 4, 1948, the Court entered an order finding ''that due notice of the pendency of this suit has been given to all parties in interest ten days or more prior to this date'' and the Court thereupon appointed three commissioners to assess the damages appellants would sustain by reason of the appropriation of the land described therein. The commissioners so appointed took oath before the Clerk of the Court on August 9, 1948. On September 7, 1948, appellants filed a second amended answer and on October 19, 1948, they filed a third amended answer. Both of these answers denied the allegations of respondents' amended petition alleging the inability of the parties to agree upon the price for the land to be appropriated and the adoption of the resolution ▇▇ of the Board of Directors of the School District previously referred to. Subsequently, the third amended answer was withdrawn by appellants. On successive changes of venue, the case went to the Circuit Court of Mississippi County. The report of the commissioners appointed on August 4, 1948, was filed on January 7, 1949. The report assessed appellants' damages at $28,800. This amount was paid into Court for the use and benefit of the defendants in the proceeding. No exceptions were filed to the commissioners' report or the assessment of damages. On January 18, 1949, appellants filed their motion to dismiss the proceedings and to strike the report of the commissioners contending (1) that the venue of the proceeding could not be changed until after the commissioners filed their report in the Circuit Court of Pemiscot County and (2) that the School District was attempting to condemn property in excess of that needed for the public improvement contemplated. Subsequently, the motion to dismiss was dismissed without prejudice, and on February 7, 1949, the Court entered a so called ''Final Judgment in Condemnation'' reciting that no objections or exceptions had been filed to the commissioners' report (the time therefor having expired); reciting the payment into Court of the damages assessed; and confirming and approving the commissioners' report. It recited further: ''It is further ordered, adjudged and decreed that the title and right of possession of the plaintiffs be confirmed in them for public school purposes, as set forth in plaintiffs' petition, in and to the real estate described in and set out in said petition.'' Then followed a specific description of the property appropriated.

The contentions of appellants may be summarized as follows: Where the Court exercises jurisdiction in a special statutory pro-

ceeding (such as a condemnation suit) no presumptions or intendments favorable to the validity of the proceedings are indulged and the jurisdiction of the Court must affirmatively appear on the face of the record. Since the record fails to show a finding as to the existence of the jurisdictional fact that the parties were unable to agree upon a price for the property before the action was instituted, the record fails to show that the Court had jurisdiction and the judgment is void. The admission contained in defendants' amended answer to the first amended petition does not establish such jurisdictional fact because: (1) jurisdiction of the subject matter of an action cannot be conferred by consent, (2) no pleadings upon the part of appellants were required, and (3) the amended answer containing the admissions was abandoned by the filing of additional amended answers which did not contain such admissions, and an abandoned pleading is not part of the record in the case.

Sec. 1506, R. S. 1939, Mo. R. S. A. §1506, provides that the Court, on being satisfied that due notice of the pendency of the petition has been given, shall appoint three commissioners who shall assess the damages the owners may sustain; that the commissioners shall make a report, under oath, as to the assessment of damages; that the condemnor shall pay to the Clerk of the Court, for the use of the party entitled thereto, the amount of damages assessed; and that on making such payment, it shall be lawful for the condemnor to hold the property for the use for which it has been appropriated. It is, of course, essential that the petition allege the jurisdictional fact that the parties were unable to agree upon the compensation to be paid for the property. School Dist. of Clayton v. Kelsey, supra. This essential allegation was in the petition in the instant case and there can be no question as to the sufficiency of the allegation made. Hannibal & St. Joseph R. Co. v. Muder, 49 Mo. 165, 166.

There is no specific requirement in the statute that the Court enter of record in the proceedings a finding as to the existence of the jurisdictional fact. No formal judgment or decree of condemnation was necessary to vest respondents with title to the land appropriated. Accordingly, it is of no importance that the so called "Final Judgment in Condemnation" did not contain a finding that the parties were unable to agree upon a price. Bowzer v. State Highway Commission, (Mo. Sup.) 170 S. W. 2d 399, 402; State ex rel. Union Electric Light & ▮▮ Power Co. v. Bruce, 334 Mo. 312, 66 S. W. 2d 847, 849; St. Louis & K. C. Ry. Co. v. Donovan, 149 Mo. 93, 50 S. W. 286. In State ex rel. City of St. Louis v. Oakley, 354 Mo. 124, 188 S. W. 2d 820, 821, we said:

"In condemnation suits under our general statutes we have consistently held that the easement in or title to private property is fully acquired by the condemnor when it pays to the owner, or into court for him, the amount of damages awarded by commissioners

legally appointed, although the judgment does not become final and appealable until all exceptions are determined and the commissioners' report finally approved. State ex rel. State Highway Com'n of Missouri v. Day, 327 Mo. 122, 35 S. W. 2d 37, 38, and cases cited. In the Day case we said: 'The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation, the title passes by operation of law. The only function that the court performs in a condemnation proceeding is the ascertainment of just compensation, unless the question of public use be drawn into the proceeding. It may in its judgment make pronouncement of condemnation, but, if so, its judgment in that respect is a mere empty form.' "

The petition in the instant case was sufficient to confer jurisdiction over the subject matter of the action. The appellants appeared and filed answers. The commissioners were appointed, assessed the appellants' damages, filed a report, and the amount of damages assessed was paid into Court. No exceptions were filed to the commissioners' report. The functions of the Court had been fulfilled and these proceedings were sufficient to vest respondents with title to the property condemned unless it can be said, upon the record in the instant case, that the commissioners were not validly appointed. Bowzer v. State Highway Commission, supra; State ex rel. City of St. Louis v. Oakley, supra, and cases there cited.

■ Was it necessary to the validity of the appointment of the commissioners that the order appointing them contain an express finding or recital that the parties had been unable to agree upon the amount of compensation to be paid appellants for the property? Sec. 1506, R. S. 1939, Mo. R. S. A. §1506, does not expressly require that such a finding be stated in the order of appointment. It may be argued that the entry of the order must, of necessity, involve a finding by the Court of the existence of this jurisdictional fact. Be this as it may, the validity of the order of appointment should be determined by the record in existence at the time the order was entered. When this order was entered on August 4, 1948, the amended petition was sufficient to the jurisdiction of the Court. The amended answer then on file admitted the allegations of the petition that the parties had been unable to agree upon the price of the property. Upon this record, the Court entered the order appointing the commissioners. While it is true that the parties may not confer jurisdiction of the subject matter of an action by consent, there is no reason why appellants may not admit the existence of a fact essential to jurisdiction and the Court was justified in acting upon such an admission. Steinbaum v. Wallace, 237 Mo. App. 841, 176 S. W. 2d 683, 688; Hadley v. Bernero, 103 Mo. App. 549, 78 S. W. 64.

It is also true that abandoned pleadings are not considered to be a part of the record proper in a case, but this general rule has no application in the instant case where the validity of the appointment of the commissioners must be determined by the record as it existed at the time such appointment was made. For this purpose, the answer of appellants containing the admission previously discussed is not to be considered an abandoned pleading.

Finally, appellants have argued that the admission contained in their answer is of no effect because defendants in a condemnation proceeding are not required to plead. Pleadings are not required on the part of a defendant in such a proceeding to entitle him to recover full damages for the appropriation of his land, (see Missouri Power & Light Co. v. Creed, 32 S. W. 2d 783, 786, cited by appellants) but they are appropriate and necessary to raise other issues. Consolidated School Dist. No. 2 v. O'Malley, 343 Mo. 1187, 125 S. W. 2d 818, 819. There is no reason why a defendant in a condemnation proceeding may not file an answer admitting (or denying) facts alleged in the petition, and the Court may rely and act upon such admissions.

 We hold that the commissioners were validly appointed and since appellants filed no exceptions to the commissioners' report, and respondents had paid into Court the amount of damages assessed, the record shows on its face that the Court was vested with jurisdiction and the title to the property appropriated passed to respondents by operation of law. State ex rel. State Highway Commission of Missouri v. Day, 327 Mo. 122, 35 S. W. 2d 37, 38. Appellants' motion to vacate and set aside the judgment was properly overruled.

The judgment is affirmed. *Van Osdol* and *Lozier, CC.*, concur.

PER CURIAM:—The foregoing opinion by ASCHEMEYER, C., is adopted as the opinion of the court. All the judges concur except *Hollingsworth, J.*, not voting because not a member of the court when the case was submitted.